UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

    Plaintiff,

v.

BROWARD COUNTY,
FLORIDA,

    Defendant.
_____/

CASE NO. 00-6104 CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

## COMPLAINT - 42 U.S.C. §1983

Plaintiff, SCOTT EARLEY ("EARLEY"), sues Defendant, BROWARD COUNTY, FLORIDA, and states:

1. This is an action for money damages brought, pursuant to 42 U.S.C. §1983, to redress the deprivation by the Defendant, through its agents, of rights secured to the Plaintiff by the United States Constitution and laws of the United States and the State of Florida.

2. Jurisdiction is proper in this forum pursuant to 28 U.S.C. §§1331, 1343(3) and 1367(a); and 42 U.S.C. §1983.

3. At all times material, Earley was a resident of Broward County, Florida.

4. At all times material, Defendant was a political subdivision of the State of Florida.

5. Earley was rendered a paraplegic as a result of an automobile accident that took place on March 15, 1998, and is currently and permanently confined to a



HIGH, STACK, LAZENBY, PALAHACH & FEILER, ATTORNEYS AT LAW, 3929 PONCE DE LEON BOULEVARD, CORAL GABLES, FLORIDA 33134

wheelchair.

6. On or about February 16, 1999, Earley was, as a result of misdemeanor proceedings, confined in the North Broward Detention Facility, located in and operated by Broward County, to serve a sentence of ten days. The Court chose this facility because it allegedly could accommodate Earley's condition.

7. At the time that Earley was first incarcerated, Defendant's agents at the facility were well aware of his condition.

8. The nature of Earley's condition renders him susceptible to decubitus ulcers, that can be prevented with the simplest of care; specifically, he need only be moved and turned on a periodic schedule to prevent the formation of these pressure sores. Earley repeatedly told Defendant's agents at the facility this.

9. Despite Earley's repeated requests for attention and pleas for help, he was accorded almost no care at all while in custody. Earley was routinely "parked" and forgotten; despite his constant pleas, his bowel and urinary needs were ignored such that he was left for hours on end to sit in his own feces; and he was never turned or moved, such that he developed severe decubitus conditions.

10. During the entire time that Earley was in custody, he repeatedly complained as his condition worsened; he was simply ignored and told to shut up. Indeed, disciplinary actions were taken against Earley as a result of his pleas for medical assistance.

11. Upon the arrival of his scheduled release date February 26, 1999, agents of

the Defendant, over Earley's protestation, simply took him outside and "parked" him by the side of the road in mid-forties degree weather.

12. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to deprive Earley of necessary and adequate medical care, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

13. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

14. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to provide Earley, as an inmate of a county facility, with needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole.

15. Defendant, its agents and employees, with knowledge of Earley's medical

needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same in conformity with the standard for the delivery of such care in the State of Florida as a whole, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

16. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to instruct, supervise, and/or train its employees and agents to deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole; Defendant breached this duty towards Earley.

17. The acts of the Defendant, its agents and employees, as described herein were negligent and/or reckless and/or intentional.

18. The acts of the Defendant, its agents and employees, as described herein were undertaken and committed under color of law and under authority as officials and employees of Broward County.

19. The acts of the Defendant, its agents and/or employees, as described herein, have forced Earley to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §1988.

20. As a direct and proximate result of the Defendant's violation of his rights as

described herein, Plaintiff has suffered damages, including permanent injuries and great physical pain and agony, humiliation, mental suffering, the expenses of hospitalization and medical care, loss of the ability to earn a living, loss of the ability to enjoy life, emotional distress, and loss of all of the constitutional rights described herein.

WHEREFORE, Earley demands judgment against Defendant for money damages, court costs, interest on all liquidated damages, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

DATED this __11__ day of January, 2000.

> HIGH, STACK, LAZENBY
> PALAHACH & FEILER
> Attorneys for Plaintiff
> 3929 Ponce de Leon Blvd.
> Coral Gables, FL 33134
> Tel. (305) 443-3329
> Fax (305) 443-0850
>
> By: _____
> Michael Palahach
> Fla. Bar No. 161232

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Scott Earley

**DEFENDANTS**
Broward County, Florida

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Palahach, Esq., High, Stack, Lazenby, et al.
3929 Ponce de Leon Blvd., Coral Gables FL 33134
1-305-443-3329

ATTORNEYS (IF KNOWN)

**00-6104 CIV-ZLOCH**
MAGISTRATE JUDGE SELTZER

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

A CONTRACT:
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

A TORTS — PERSONAL INJURY:
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY:
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY:
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

A REAL PROPERTY:
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

A CIVIL RIGHTS:
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

PRISONER PETITIONS:
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY:
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

A LABOR:
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

A BANKRUPTCY:
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

A PROPERTY RIGHTS:
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

B SOCIAL SECURITY:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS:
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

A OTHER STATUTES:
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ___ DOCKET NUMBER ___

DATE: 1-11-00
SIGNATURE OF ATTORNEY OF RECORD: Michael Palahach, High Stack Lazenby Palahach, etc.
3929 Ponce de Leon Blvd, Coral Gables, FL 33134
305-443-3329

FOR OFFICE USE ONLY
RECEIPT # 518366  AMOUNT $150.00  APPLYING IFP ___  JUDGE 01-21-00  MAG. JUDGE ___