UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

    Plaintiff,

v.

BROWARD COUNTY,
FLORIDA,

    Defendant.
_____/

CASE NO. 00-6104-CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

**NIGHT BOX FILED**

MAR 2 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff, SCOTT EARLEY, by and through his undersigned counsel, pursuant to Fla.R.Civ.Pro. 1.250(c) and 1.190 move this Honorable Court for the entry of an Order granting him leave to amend his Complaint. The grounds for this Motion are as follows:

1. Broward County was inadvertently named as a party Defendant in this action.

2. The Sheriff of Broward County is the chief correctional officer of the Broward County Correctional System, Broward County Code §18-01. The chief correctional officer is responsible for the operation and maintenance of the county jails, including furnishing prisoners with medical attention which is the subject of this lawsuit. (A copy of Plaintiff's Amended Complaint is attached hereto).

WHEREFORE Plaintiff respectfully requests this Honorable Court enter an Order allowing Plaintiff leave to Amend its Complaint to name the Sheriff of Broward County as the proper Defendant.

1

Scott Earley v. Broward County, Florida
Case No.: 00-6104 CIV-ZLOCH

## MEMORANDUM OF LAW

This Court has wide discretion to allow amendment under Florida Rules of Civil Procedure, Rule 1.190(a), which states in pertinent part, that "leave to amend shall be freely given when justice so requires." Absent exceptional circumstances, requests for leave to amend pleadings should be granted. *Thompson v. Public Supermarkets, Inc.*, 615 So.2d 796 (1st DCA 1993). All doubts on whether to allow amendment of pleadings should be resolved in favor of allowing amendment, especially when leave to amend is sought at or before summary judgment hearing. *Craig v. East Pasco Medical Center, Inc.*, 650 So.2d 179 (2nd DCA 1995).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to Jose Raul Gonzalez, Assistant County Attorney, 115 South Andrews Avenue, Suite 423, Fort Lauderdale, FL 33301 this 2nd day of March, 2000.

HIGH, STACK, PALAHACH
& CRUANES
3929 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 443-3329

By: _____
Carlos Cruanes
Florida Bar No.0121940

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                  CASE NO. 00-6104-CIV-ZLOCH

    Plaintiff,                     MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

    Defendant.
_____/

## AMENDED COMPLAINT - 42 U.S.C. §1983

Plaintiff, SCOTT EARLEY ("EARLEY"), sues Defendant, SHERIFF OF BROWARD COUNTY, FLORIDA and states:

1. This is an action for money damages brought, pursuant to 42 U.S.C. §1983, to redress the deprivation by the Defendant, through its agents, of rights secured to the Plaintiff by the United States Constitution and laws of the United States and the State of Florida.

2. Jurisdiction is proper in this forum pursuant to 28 U.S.C. §§1331, 1343(3) and 1367(a); and 42 U.S.C. §1983.

3. At all times material, Earley was a resident of Broward County, Florida.

4. At all times material, Defendant was the chief correctional officer of the Broward County Correctional System of the State of Florida.

5. Earley was rendered a paraplegic as a result of an automobile accident that took place on March 15, 1998, and is currently and permanently confined to a wheelchair.

6. On or about February 16, 1999, Earley was, as a result of misdemeanor proceedings, confined in the North Broward Detention Facility, located in Broward County, and operated by the

1

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

Sheriff of Broward County to serve a sentence of ten days. The Court chose this facility because it allegedly could accommodate Earley's condition.

7. At the time that Earley was first incarcerated, Defendant's agents at the facility were well aware of his condition.

8. The nature of Earley's condition renders him susceptible to decubitus ulcers, that can be prevented with the simplest of care; specifically, he need only be moved and turned on a periodic schedule to prevent the formation of these pressure sores. Earley repeatedly told Defendant's agents at the facility this.

9. Despite Earley's repeated requests for attention and pleas for help, he was accorded almost no care at all while in custody. Earley was routinely "parked" and forgotten; despite his constant pleas, his bowel and urinary needs were ignored such that he was left for hours on end to sit in his own feces; and he was never turned or moved, such that he developed severe decubitus conditions.

10. During the entire time that Earley was in custody, he repeatedly complained as his condition worsened; he was simply ignored and told to shut up. Indeed, disciplinary actions were taken against Earley as a result of his pleas for medical assistance.

11. Upon the arrival of his scheduled release date February 26, 1999, agents of the Defendant, over Earley's protestation, simply took him outside and "parked" him by the side of the road in mid-forties degree weather.

12. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to

2

Scott Earley v. Sheriff of Broward County, Florida<br>
CASE NO. 00-6104-CIV-ZLOCH

deprive Earley of necessary and adequate medical care, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

13. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

14. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to provide Earley, as an inmate of a county facility, with needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole.

15. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same in conformity with the standard for the delivery of such care in the State of Florida as a whole, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth

HIGH, STACK, PALAHACH & CRUANES, ATTORNEYS AT LAW, 3929 PONCE DE LEON BOULEVARD, CORAL GABLES, FLORIDA 33134

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

and Fourteenth Amendments to the United States Constitution.

16. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to instruct, supervise, and/or train its employees and agents to deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole; Defendant breached this duty towards Earley.

17. The acts of the Defendant, its agents and employees, as described herein were negligent and/or reckless and/or intentional.

18. The acts of the Defendant, its agents and employees, as described herein were undertaken and committed under color of law and under authority as officials and employees of Broward County.

19. The acts of the Defendant, its agents and/or employees, as described herein, have forced Earley to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §1988.

20. As a direct and proximate result of the Defendant's violation of his rights as described herein, Plaintiff has suffered damages, including permanent injuries and great physical pain and agony, humiliation, mental suffering, the expenses of hospitalization and medical care, loss of the ability to earn a living, loss of the ability to enjoy life, emotional distress, and loss of all of the constitutional rights described herein.

WHEREFORE, Plaintiff, Scott Earley demands judgment against Defendant, Sheriff of

HIGH, STACK, PALAHACH & CRUANES, ATTORNEYS AT LAW, 3929 PONCE DE LEON BOULEVARD, CORAL GABLES, FLORIDA 33134

Scott Earley v. Sheriff of Broward County, Florida<br>CASE NO. 00-6104-CIV-ZLOCH

Broward County, for money damages, court costs, interest on all liquidated damages, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to Jose Raul Gonzalez, Assistant County Attorney, 115 South Andrews Avenue, Suite 423, Fort Lauderdale, FL 33301 this _____ day of March, 2000.

HIGH, STACK, PALAHACH
& CRUANES
3929 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 443-3329

By: _____
Carlos Cruanes
Florida Bar No. 0121940