

UNITED STATES DISTRICT COURT
B83/50-358        SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                    CASE NO.: 00-6104-CIV-ZLOCH

Plaintiff,                       MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

Defendant.
_____/



### DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendant Sheriff of Broward County ("Sheriff"), pursuant to Federal Rule of Civil Procedure 56(b) and rule 7.1 (c) of the Local Rules for the United States District Court for the Southern District of Florida, files this Reply Memorandum to Plaintiff's Response to the Sheriff's Motion for Summary Judgment and Memorandum of Law in Support ("Response") as follows:

### I. Introduction

Earley's Amended Complaint ("Complaint") alleges that the Sheriff violated Earley's due process rights under the fifth and fourteenth amendments; his Eighth Amendment right to be free from cruel and unusual punishment; and a puzzling claimed Ninth Amendment violation. The factual basis for Early's claims can be stated succinctly. Earley was incarcerated for ten days on a misdemeanor conviction in the Broward County Jail. When Earley arrived at the jail, he was in a wheelchair, having suffered injuries prior to incarceration. The Complaint alleges violation of the stated constitutional provisions because the Sheriff failed to render adequate medical care, which worsened Earley's condition. The Complaint also alleges that the Sheriff, through his agents and

employees, breached his duty to render adequate medical care in conformance with the standards of care administered in Florida as a whole.

The Sheriff filed his Motion for Summary Judgment. Early has now filed the Response.

## II.     Argument

### A.     The Response improperly cites to material not in the record.

The response attaches a copies of Earley's deposition transcript and Earley's Answers to Defendant's Interrogatories. The Response cites to these documents in an attempt to show a factual basis for his claims. Such citation is not permitted under the Federal Rules of Civil Procedure.

Summary judgment is controlled by rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. *See also Celotex Corporation v. Catrett*, 477 U.S. 317, 323-24 (1986).

In this case, neither Earley's deposition transcript, nor the answers to interrogatories have been made part of the record. Therefore, it is inappropriate to consider these documents when determining the Sheriff's entitlement to summary judgment.

### B.     The Response does not rebut the lack of an Eighth Amendment violation.

The Response asserts that the only required showing for an Eighth Amendment violation is that the plaintiff had a medical need that was not met by the defendant. This position misses the point.

The authority cited in the Sheriff's Motion for Summary Judgment makes plain that a plaintiff must show some mental element on behalf of a defendant to inflict punishment in order to

support an Eighth Amendment violation. Nothing in this record supports the proposition that any act taken by the Sheriff was for the purpose of punishment.

Additionally, the alleged indifference must be substantial. That is, the act or omission must be more than inadvertence, negligence, or gross negligence. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan,* 511 U.S. 825, 837-38 (1994); *Taylor v. Adams*, 221 F.3d 1251, 1258 (11th Cir. 2000). It is well settled that the "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-83, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105, 97 S.Ct. 285. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. 285.

The Response does nothing to weaken the Sheriff's position that this case involves, at most, negligent treatment. The Complaint bases the Eighth Amendment claim on the Sheriff's breach of his duty to provide "medical care in conformance with the standards for delivery of such care in the State of Florida as a whole" (Complaint ¶ 14). Contrary to the assertion of the Response, Earley did receive medical treatment during his incarceration, and his only complaint is that his treatment should have been different (Response, Exhibit B, pp. 35-36). This clearly does not raise a constitutional issue according to the authority cited in the Sheriff's Motion for Summary Judgment.

Additionally, Earley acknowledges that he did not file any grievances or contact jail officials regarding inadequate medical care (Response, Exhibit B, pp. 36-37). Because Earley did not inform

the Sheriff of his alleged injury, it can hardly be stated that he was aware of a substantial risk to Earley's health as required by the authority as stated in the Sheriff's Motion for Summary Judgment.

### C.  The Due Process allegation is without merit

The Response argues that the due process claim is not subject to summary judgment because Earley has made the necessary showing of deliberate indifference. This argument is incorrect for two reasons.

First, as a convicted inmate, Earley's complaints regarding conditions of incarceration are measured according to the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979) (stating that the Eighth Amendment applies to an inmate's conditions of confinement, and the application of the Due Process Clause is pertinent to a pretrial detainee's complaints).

Second, the Response bases its due process argument on the assertion that the Sheriff was deliberately indifferent to Earley's medical needs. As was abundantly shown in the preceeding section and in the Sheriff's Motion for Summary Judgment, the factual allegations in this case fall well short of showing deliberate indifference.

### D.  The Ninth Amendment does not apply to these facts.

The Response states that the Ninth Amendment claim is applicable because "Earley is merely attempting to preserve his constitutional rights not specifically enumerated" (Response p. 11). As was clearly stated in the Sheriff's Motion for Summary Judgment, the Ninth Amendment is not applicable to the states, and does not create a private cause of action (Sheriff's Motion for Summary Judgment pp. 6-7). Nothing in the Response changes the inevitable: the Sheriff is entitled to summary judgment on the Ninth Amendment claim.

### E. The Response does not overcome the Sheriff's protection from respondeat superior liability.

The Response argues that it is premature to determine whether the Sheriff may be held liable on a theory of respondeat superior. Again, the Response misses the point. To state a claim for a constitutional violation against a municipal entity brought according to 42 U.S.C. § 1983, a plaintiff is required to allege "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690, (1978); *see Marsh v. Butler County, Ala.*, 2000 WL 1269679, *2 (11th Cir. 2000). *See also Montgomery v. De Simone*, 159 F.3d 120, 127 (3rd Cir. 1998) (granting summary judgment based on the failure to make the requisite allegations). Despite Earley's reliance on the general rules of pleading in federal court, the Supreme Court and the eleventh circuit have made it clear that in actions proceeding under 42 U.S.C. § 1983, summary judgment is appropriate where a plaintiff fails to make the required allegations to state a claim against a defendant. Such is the case here.

### F. The Eleventh Amendment bars suit against the Sheriff in his official capacity.

The Response asserts that the Sheriff is not protected from suit in federal court by virtue of Eleventh Amendment immunity. The seeming basis for this assertion is that the Sheriff is a constitutionally elected officer, and is subject to suit (Response p. 12-13). This assertion is incorrect.

Absent a state's consent to suit or express statutory abrogation, the Eleventh Amendment bars suits brought in federal court against a state by the state's own citizens. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). A state's sovereign immunity is not abrogated by 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 343-45 (1979). Without express congressional intent or a waiver of immunity by the state, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *Edelman v. Jordan*, 415 U.S. 651, (1974). This immunity

includes suits such as the instant case in which a state is being sued by its own citizen. *Hans v. Louisiana*, 134 U.S. 1, (1890). State employees sued in their official capacities are immune from suits for monetary damages under the Eleventh Amendment when the state is the real party in interest. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

When determining whether an entity is a state agency, a federal court looks to the manner in which the entity is treated by the state. *See Tuveson v. Florida Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 732 (11th Cir.1984). In Florida, a county sheriff sued in his official capacity is a "state agency" or "political subdivision" under section 768.28, Florida Statutes (1999). *See Beard v. Hambrick*, 396 So.2d 708, 711 (Fla.1981) (holding that both county and sheriff are "political subdivisions" of state for purposes of section 768.28). The eleventh circuit has determined that Florida has not consented to suits in federal court under 42 U.S.C. § 1983. *See Gamble v. Florida Dept. of Health and Rehabilitative Services* 779 F.2d 1509,1515 (11th Cir. 1986).

Because Florida treats county sheriffs as state agencies for purposes of its limited waiver of sovereign immunity, Congress has not abrogated immunity in these cases, and because Florida has not consented to suits in federal court for alleged constitutional torts, the Sheriff remains entitled to entry of summary judgment in his favor.

### III.  Conclusion

Based on the foregoing and the argument presented in his Motion for Summary Judgment, the Sheriff remains entitled to entry of final summary judgment in his favor as a matter of law. Earley's claims do not rise to constitutional dimension, as they allege nothing more than negligence. His remedy is properly found in the courts of Florida.

WHEREFORE, Defendant Sheriff of Broward County, respectfully requests that this Court enter Final Summary Judgment in his favor as set forth above.

I HEREBY CERTIFY that a copy of the foregoing was furnished via United States Mail, this 6TH day of December, 2000 to: CARLOS CRUANES, ESQUIRE, HIGH, STACK, PALAHACH & CRUANES, Attorneys for Plaintiff, 2655 LeJeune Road, Suite 1108, Coral Gables, Florida 33134.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER & McINTYRE, P.A.
Attorneys for Defendant
888 East Las Olas Blvd., Suite 400
Fort Lauderdale, FL 33301
(854) 761-8600

By: _____
GREGG A. TOOMEY
FBN: 0159689