UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6104-CIV-ZLOCH

SCOTT EARLEY,

        Plaintiff,

vs.                            **O R D E R**

SHERIFF OF BROWARD COUNTY,
FLORIDA,

        Defendant.
_____/



FILED by _____ D.C.
FEB 1 2 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

THIS MATTER is before the Court upon the Plaintiff, Scott Earley's Motion For Leave To Serve Additional Interrogatories In Excess Of The S.D. FLA. L.R. 26.1G. Limit (DE 21). The Court has carefully reviewed the merits of said Motion and the entire Court file herein, and is otherwise fully advised in the premises.

In the instant Motion, the Plaintiff seeks leave of the Court, pursuant to Rule 33(a), to set aside the twenty-five interrogatory limit and serve forty interrogatories. Rule 33(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories not exceeding 25 in number including all discrete subparts, . . . Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Fed.R.Civ.P. 33(a)

Fed.R.Civ.P. 26(b)(2) provides, in applicable part, that discovery shall be limited if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery

```
outweighs its likely benefit, taking into account
the needs of the case, the amount in controversy,
the parties' resources, the importance of the
issues at stake in the litigation, and the
importance of the proposed discovery in resolving
the issues.
```

Fed.R.Civ.P. 26(b)(2)(i-iii).

In its Motion, the Plaintiff asserts that the additional interrogatories are needed in order to fully prepare the Plaintiff's case. The Court notes that the Defendant has not objected to the Plaintiff's Motion (DE 21). Thus, the Court finds that the benefit that will be gained by allowing the Plaintiff to serve additional interrogatories outweighs the burden that will be imposed on the Defendant in responding to such interrogatories.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Plaintiff, Scott Earley's Motion For Leave To Serve Additional Interrogatories (DE 21) be and the same is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _12th_ day of February, 2001.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Carlos Cruanes, Esq.
Alan C. Anchell, Esq.