UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                                   CASE NO. 00-6104-CIV-ZLOCH

    Plaintiff,                                MAGISTRATE JUDGE SELTZER

v.

BROWARD COUNTY,
FLORIDA,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMOVE CASE FROM THE APRIL 2001 TRIAL DOCKET

Plaintiff, SCOTT EARLEY, by and through his undersigned counsel, pursuant to Rule 15, Fed. R. Civ. P., move this Honorable Court for the entry of an Order granting him leave to amend his Amended Complaint, and to remove the case from the April 2001, trial docket. The grounds for this Motion are as follows:

1.    Plaintiff served its First Set of Interrogatories and Request for Production upon Defendant on January 18, 2001. Defendant requested an extension of time up to March 2, 2001 within which to respond to said discovery. Plaintiff's counsel agreed to the extension. However, Defendant did not respond until March 5, 2001, and the majority of its responses were objections to Plaintiff's requests.

2.    Defendant's response to one of Plaintiff's requests revealed that Defendant, Sheriff of Broward County, Florida, had a contractual relationship with an entity named

1

Scott Earley v. Broward County, Florida
Case No.: 00-6104 CIV-ZLOCH

EMSA CORRECTIONAL CARE, INC., for the provision of medical care to the inmates at the North Broward Detention Center where Earley was incarcerated.

3. As such, EMSA CORRECTIONAL CARE, INC., may have been partially or totally responsible for the injuries alleged which are the subject of this lawsuit.

4. Therefore, Plaintiff is requesting leave of this Honorable Court to amend his complaint to add EMSA CORRECTIONAL CARE, INC., as a named defendant (Plaintiff's proposed Second Amended Complaint is attached herewith as Exhibit "A").

5. If Plaintiff's motion is denied the Plaintiff will be severely prejudiced.

6. However if Plaintiff's motion is granted by this Court, the case would not be at issue, and it would be necessary to remove this matter from the April 2001 trial docket.

7. Plaintiff's Motion For Leave to Amend and to Remove Case from the April 2001 Trial Docket is filed in good faith and not interposed for purposes of delay.

WHEREFORE Plaintiffs respectfully request this Honorable Court enter an Order granting Plaintiffs leave to amend his Amended Complaint to add EMSA CORRECTIONAL CARE, INC., as a named Defendant, and to remove this matter from the April, 2001 trial docket.

Scott Earley v. Broward County, Florida
Case No.: 00-6104 CIV-ZLOCH

## MEMORANDUM OF LAW

Rule 15, Fed. R. Civ. P., provides that amendments to pleadings are to be freely granted and that leave to amend shall be freely given when justice so requires. *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. (Fla.) 1991). There is a "strong presumption" in favor of allowing amendment. *See Lowrey v. Texas*, 117 F.3d 242 (5th Cir. 1997).

The complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as the amendments do not unfairly surprise or prejudice the defendant. *Toth v. USX Corp.*, 883 F.2d 1297 (7th Cir. (Ill.) 1989).

It is respectfully submitted that in the case at bar, allowing the subject amendment will not unduly prejudice Defendant, Sheriff of Broward County, Florida, as it merely adds another party which may be partially or totally responsible for the injuries alleged. The allegations against Defendant, Sheriff of Broward County, Florida, do not change, as evidenced by Plaintiff's proposed Second Amended Complaint, so there is no danger of unfair surprise or prejudice. However, denial of Plaintiff's Motion will severely prejudice him, if it is found that EMSA CORRECTIONAL CARE, INC., was either partially or totally responsible for his injuries.

Scott Earley v. Broward County, Florida
Case No.: 00-6104 CIV-ZLOCH

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to Jodi C. Page, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, FL 33303-0340 this _____ day of March, 2001.

HIGH, STACK, PALAHACH
& CRUANES
3929 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 443-3329

By: _____
Carlos Cruanes
Florida Bar No.0121940

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                      CASE NO. 00-6104-CIV-ZLOCH

       Plaintiff,                   MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA, and
EMSA CORRECTIONAL CARE, INC.,
a corporation,

       Defendants.
_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, SCOTT EARLEY ("EARLEY"), sues Defendants, SHERIFF OF BROWARD COUNTY, FLORIDA, and EMSA CORRECTIONAL CARE, INC., a corporation, and states:

1. This is an action for money damages brought, pursuant to 42 U.S.C. §1983, to redress the deprivation by the Defendants, through their agents, of rights secured to the Plaintiff by the United States Constitution and laws of the United States and the State of Florida.

2. Jurisdiction is proper in this forum pursuant to 28 U.S.C. §§1331, 1343(3) and 1367(a); and 42 U.S.C. §1983.

3. At all times material, Earley was a resident of Broward County, Florida.

4. At all times material, Defendant was the chief correctional officer of the

1

EXHIBIT "A"

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

Broward County Correctional System of the State of Florida.

5. At all times material, Defendant, EMSA CORRECTIONAL CARE, INC., was conducting business in Broward County, Florida.

6. Earley was rendered a paraplegic as a result of an automobile accident that took place on March 15, 1998, and is currently and permanently confined to a wheelchair.

7. On or about February 16, 1999, Earley was, as a result of misdemeanor proceedings, confined in the North Broward Detention Facility, located in Broward County, and operated by the Sheriff of Broward County to serve a sentence of ten days. The Court chose this facility because it allegedly could accommodate Earley's condition. Defendant, EMSA CORRECTIONAL CARE, INC., was contractually obligated to provide medical care and treatment to the inmates.

### COUNT I- 42 U.S.C. §1983- SHERIFF OF BROWARD COUNTY, FLORIDA

Plaintiff adopts and realleges paragraphs 1-7.

8. At the time that Earley was first incarcerated, Defendant's agents at the facility were well aware of his condition.

9. The nature of Earley's condition renders him susceptible to decubitus ulcers, that can be prevented with the simplest of care; specifically, he need only be moved and turned on a periodic schedule to prevent the formation of these pressure

2

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

sores. Earley repeatedly told Defendant's agents at the facility this.

10.   Despite Earley's repeated requests for attention and pleas for help, he was accorded almost no care at all while in custody. Earley was routinely "parked" and forgotten; despite his constant pleas, his bowel and urinary needs were ignored such that he was left for hours on end to sit in his own feces; and he was never turned or moved, such that he developed severe decubitus conditions.

11.   During the entire time that Earley was in custody, he repeatedly complained as his condition worsened; he was simply ignored and told to shut up. Indeed, disciplinary actions were taken against Earley as a result of his pleas for medical assistance.

12.   Upon the arrival of his scheduled release date February 26, 1999, agents of the Defendant, over Earley's protestation, simply took him outside and "parked" him by the side of the road in mid-forties degree weather.

13.   Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to deprive Earley of necessary and adequate medical care, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

3

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

14.  Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

15.  At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to provide Earley, as an inmate of a county facility, with needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole.

16.  Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same in conformity with the standard for the delivery of such care in the State of Florida as a whole, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth

4

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

Amendments to the United States Constitution.

17. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to instruct, supervise, and/or train its employees and agents to deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole; Defendant breached this duty towards Earley.

18. The acts of the Defendant, its agents and employees, as described herein were negligent and/or reckless and/or intentional.

19. The acts of the Defendant, its agents and employees, as described herein were undertaken and committed under color of law and under authority as officials and employees of Broward County.

20. The acts of the Defendant, its agents and/or employees, as described herein, have forced Earley to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §1988.

21. As a direct and proximate result of the Defendant's violation of his rights as described herein, Plaintiff has suffered damages, including permanent injuries and great physical pain and agony, humiliation, mental suffering, the expenses of hospitalization and medical care, loss of the ability to earn a living, loss of the ability to enjoy life, emotional distress, and loss of all of the constitutional rights described herein.

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

WHEREFORE, Plaintiff, Scott Earley demands judgment against Defendant, Sheriff of Broward County, for money damages, court costs, interest on all liquidated damages, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

### COUNT II- 42 U.S.C. §1983-EMSA CORRECTIONAL CARE, INC.

Plaintiff adopts and realleges paragraphs 1-7.

22. At all times material, Defendant, EMSA CORRECTIONAL CARE, INC., was contractually obligated to provide medical care and treatment to the inmates, and was a willful participant in joint activity with the Defendant, Sheriff of Broward County, Florida.

23. At the time that Earley was first incarcerated, Defendant's agents at the facility were well aware of his condition.

24. The nature of Earley's condition renders him susceptible to decubitus ulcers, that can be prevented with the simplest of care; specifically, he need only be moved and turned on a periodic schedule to prevent the formation of these pressure sores. Earley repeatedly told Defendant's agents at the facility this.

25. Despite Earley's repeated requests for attention and pleas for help, he was accorded almost no care at all while in custody. Earley was routinely "parked" and forgotten; despite his constant pleas, his bowel and urinary needs were ignored such that

6

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

he was left for hours on end to sit in his own feces; and he was never turned or moved, such that he developed severe decubitus conditions.

26. During the entire time that Earley was in custody, he repeatedly complained as his condition worsened; he was simply ignored and told to shut up. Indeed, disciplinary actions were taken against Earley as a result of his pleas for medical assistance.

27. Upon the arrival of his scheduled release date February 26, 1999, agents of the Defendant, over Earley's protestation, simply took him outside and "parked" him by the side of the road in mid-forties degree weather.

28. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to deprive Earley of necessary and adequate medical care, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

29. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same, endangering his well-being and leading to his

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

30. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to provide Earley, as an inmate of a county facility, with needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole.

31. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same in conformity with the standard for the delivery of such care in the State of Florida as a whole, endangering his well-being and leading to his suffering grievous injuries. These acts and omissions on the part of Defendant and its agents violated rights secured to Earley under the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

32. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty under the United States Constitution to instruct, supervise, and/or train its employees and agents to

8

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole; Defendant breached this duty towards Earley.

33. The acts of the Defendant, its agents and employees, as described herein were negligent and/or reckless and/or intentional.

34. The acts of the Defendant, its agents and employees, as described herein were undertaken and committed under color of law and under authority of the state, as a willful participant in joint activity with the State or its agents.

35. The acts of the Defendant, its agents and/or employees, as described herein, have forced Earley to hire the undersigned attorneys and pay them a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §1988.

36. As a direct and proximate result of the Defendant's violation of his rights as described herein, Plaintiff has suffered damages, including permanent injuries and great physical pain and agony, humiliation, mental suffering, the expenses of hospitalization and medical care, loss of the ability to earn a living, loss of the ability to enjoy life, emotional distress, and loss of all of the constitutional rights described herein.

WHEREFORE, Plaintiff, Scott Earley demands judgment against Defendant, EMSA CORRECTIONAL CARE, INC., for money damages, court costs, interest on all liquidated damages, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

## COUNT III-NEGLIGENCE-EMSA CORRECTIONAL CARE, INC.

Plaintiff adopts and realleges paragraphs 1-7.

37.   At all times material, Defendant, EMSA CORRECTIONAL CARE, INC., was contractually obligated to provide medical care and treatment to the inmates.

38.   At the time that Earley was first incarcerated, Defendant's agents at the facility were well aware of his condition.

39.   The nature of Earley's condition renders him susceptible to decubitus ulcers, that can be prevented with the simplest of care; specifically, he need only be moved and turned on a periodic schedule to prevent the formation of these pressure sores. Earley repeatedly told Defendant's agents at the facility this.

40.   Despite Earley's repeated requests for attention and pleas for help, he was accorded almost no care at all while in custody. Earley was routinely "parked" and forgotten; despite his constant pleas, his bowel and urinary needs were ignored such that he was left for hours on end to sit in his own feces; and he was never turned or moved, such that he developed severe decubitus conditions.

41.   During the entire time that Earley was in custody, he repeatedly complained as his condition worsened; he was simply ignored and told to shut up. Indeed, disciplinary actions were taken against Earley as a result of his pleas for medical assistance.

10

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

42. Upon the arrival of his scheduled release date February 26, 1999, agents of the Defendant, over Earley's protestation, simply took him outside and "parked" him by the side of the road in mid-forties degree weather.

43. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, negligently acted or failed to act in such a manner as to deprive Earley of necessary and adequate medical care, endangering his well-being and leading to his suffering grievous injuries.

44. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, negligently acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same, endangering his well-being and leading to his suffering grievous injuries.

45. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty to provide Earley, as an inmate of a county facility, with needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole.

46. Defendant, its agents and employees, with knowledge of Earley's medical needs and his condition, negligently acted or failed to act in such a manner as to prevent Earley from obtaining necessary and adequate medical care and/or to prevent his receiving same in conformity with the standard for the delivery of such care in the State

11

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

of Florida as a whole, endangering his well-being and leading to his suffering grievous injuries.

47. At all times material, Defendant, its agents and employees, having had knowledge of Earley's medical needs and his condition, had a duty to instruct, supervise, and/or train its employees and agents to deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole; Defendant breached this duty towards Earley.

48. The acts of the Defendant, its agents and employees, as described herein were negligent and/or reckless and/or intentional.

49. As a direct and proximate result of the Defendant's negligence as described herein, Plaintiff has suffered damages, including permanent injuries and great physical pain and agony, humiliation, mental suffering, the expenses of hospitalization and medical care, loss of the ability to earn a living, loss of the ability to enjoy life, and emotional distress.

WHEREFORE, Plaintiff, Scott Earley demands judgment against Defendant, EMSA CORRECTIONAL CARE, INC., for money damages, court costs, interest on all liquidated damages, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to Jodi C. Page, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, FL 33303-0340 this 8th day of March, 2001.

HIGH, STACK, PALAHACH
& CRUANES
3929 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 443-3329

By: _____
Carlos Cruanes
Florida Bar No.0121940

13