JCP/acw  
B83/50-358

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

CASE NO.: 00-6104-CIV-ZLOCH

Plaintiff,

MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,  
FLORIDA, and EMSA CORRECTIONAL  
CARE, INC.,

Defendants.  
_____/



### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, SHERIFF OF BROWARD COUNTY'S MOTION TO DISMISS

The Defendant, SHERIFF OF BROWARD COUNTY (hereinafter referred to as "SHERIFF") by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and federal case law, respectfully request this Honorable Court enter an Order of Dismissal in its favor in the above-styled cause of action. In support of its motion, Defendant submits the following Memorandum of Law.

### PRELIMINARY STATEMENT

Plaintiff, SCOTT EARLEY, alleges in his Complaint that the SHERIFF negligently failed to provide him with necessary medical care and treatment while he was incarcerated at the Broward County Jail. Plaintiff has alleged that the SHERIFF'S failure to provide him with necessary medical care is a violation of his rights under the Fifth, Ninth, Eighth and Fourteenth Amendments.

### FACTS



1.   Plaintiff's Second Amended Complaint attempts to allege a cause of action against the SHERIFF for injuries that allegedly occurred as a result of their failure to give him timely and appropriate medical treatment while he was an inmate at the Broward County Jail from February 16, 1999 through February 26, 1999.

4.   It is the Plaintiff's contention that the SHERIFF violated his Constitutional Rights under the Fifth, Eighth, Ninth, and/or Fourteenth Amendments of the United States.

5.   The Plaintiff's allegations are conclusory in nature, and do not state a cause of action for a violation of the Fifth, Eighth, Ninth, and/or Fourteenth Amendments.

## MEMORANDUM OF LAW

It is well established that something more than negligence or medical malpractice is required to state an Eighth Amendment violation based on deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). A plaintiff seeking Eighth Amendment relief must show "an unnecessary and wanton infliction of pain," and not" merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. *Estelle*, 429 U.S. at 105-06. In *Estelle*, the court reinstated the district court's dismissal of a prisoner's section 1983 complaint for failure to state a claim. Recognizing that the plaintiff's primary claim was that "more should have been done" to diagnose and treat a back injury, the Court explained that medical malpractice does not present a basis for a claim of cruel and unusual punishment under the Eighth Amendment. *Id.* at 107. The *Estelle* court also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id at* 105. Furthermore, "a complaint that a physician has been negligent in diagnosing or treating a medical

condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Further, to support an Eighth Amendment claim, the claimed indifference to medical needs must be substantial. Substantial indifference is not reached by inadvertence or by differences of opinion between the prisoner and medical staff. *Estelle*, 429 U.S. at 106. It is not enough that a reasonable person in the defendant's position should have reasonably known facts from which he should have made the inference that a substantial risk of serious harm exists. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (rejecting an objective standard for deliberate indifference). Rather, the Supreme Court has adopted a more demanding subjective standard for deliberate indifference which includes a showing that the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ibid*. This subjective standard is appropriate because the Eighth Amendment "outlaws cruel and unusual punishment." *Ibid*. (emphasis added). It leaves to tort law "an official's failure to alleviate a risk that he should have perceived but did not "because under existing Eighth Amendment jurisprudence such tragedies cannot be "condemned as the infliction of punishment." *Ibid*. (emphasis added).

In *Taylor v. Adams*, 13 Fla. L. Weekly Fed. C1053, 2000 WL 1140676 (11th Cir. 2000), the eleventh circuit recently clarified the necessary showing to allege an Eighth Amendment violation:

> The Eighth Amendment prohibits infliction of "cruel and unusual punishments." Stating a claim under the clause thus requires satisfying two minima (from which the case law has ultimately derived four requirements): First, there must be, objectively speaking, conduct by public officials "sufficiently serious" to

> constitute a cruel or unusual deprivation-one "denying 'the minimal civilized measure of life's necessities." Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish.

[internal citations omitted]; *see also Wilson v. Seiter*, 501 U.S. 294, 300 (1991) (stating that "[t]he source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual *punishment*. If the pain inflicted is not formally meted out as *punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify"). *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977) (stating that "[t]he primary purpose of [the Cruel and Unusual Punishments] clause has always been considered . . . to be directed at the method or kind of punishment imposed for the violation of criminal statutes") (quoting *Powell v. Texas*, 392 U.S. 514, 531-32 (1968)).

In this case, the Complaint fails to make the requisite allegations to state an Eighth Amendment violation for two reasons. First, the Complaint seeks to state a claim for ordinary medical malpractice, which, according to *Estelle* and its progeny, is insufficient to state a constitutional violation. Second, there is no allegation that the Sheriff's alleged actions were taken as a form of punishment. *Ingraham* and *Taylor* make it patent that the protections of the Eighth Amendment against cruel and unusual punishment apply only to actions taken with the intent to punish. Because the Complaint does not make the necessary allegations, and because the facts cannot support the required mental intent, the Sheriff is entitled to summary judgment in his favor as a matter of law.

## B. Due Process[1]

Three elements must be established in any substantive due process claim brought under 42 U.S.C. § 1983. First, the defendants must have acted with the requisite degree of culpability. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that negligent conduct is insufficient); *Sellers ex rel. Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994) (finding gross negligence insufficient), cert. denied, 513 U.S. 1084 (1995). Second, the defendants' conduct shocks the conscience. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (Scalia, J., concurring). Third, it must be alleged that the defendants actions proximately caused the alleged injuries. *See Brower v. County of Inyo*, 489 U.S. 593, 599, (1989); *see also Martinez v. California*, 444 U.S. 277 (1980). Liability under the Due Process Clause may not be based on merely negligent action. *See Lewis*, 523 U.S. at 833 stating that ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) (stating that a substantative due process claim must be more than an ordinary tort to be actionable under § 1983); *DeShaney v. Winnebgao County Department of Social Services,* 489 U.S. 189, 202 (holding that the Due Process Clause "does not transform every tort committed by a state actor into a constitutional violation"). Substantive due process, enforced by 42 U.S.C. § 1983, does not afford a cause of action for police negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the allegations of the Complaint are rooted in negligence and allege, at most,

---

[1] Although the Complaint does not state the basis for the alleged Fourteenth Amendment violation, the Sheriff assumes that Earley is attempting to make a claim according to the Substantive Due Process Clause.

5

reckless disregard. Earley's due process claim is subject to summary judgment. Negligence, even gross negligence, is clearly insufficient to state a due process violation according to the stated authority. At most, the allegations of the Complaint state an imperfect state tort law claim, and the Sheriff is entitled to entry of summary judgment in his favor as a matter of law.

### C.   Ninth Amendment

The Ninth Amendment states: ""[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. AMEN. IX. This amendment does not give rise to claims of constitutional violation. *See Charles v. Brown*, 495 F. Supp 862 (N.D.Ala. 1980) (holding that "unenumerated rights do not rise to constitutional magnitude by reason of this amendment, which does not specify any rights of the people but rather serves as a savings clause to keep from lowering, degrading or rejecting any rights which are not specifically mentioned." Furthermore, "this amendment does not extend to the states." *Livingston's Lessee v. Moore*, 32 U.S. 469 (1833), *Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986). Instead, the Ninth Amendment is a rule of interpretation, not a source of rights. Its purpose is to make certain that the Constitution's enumeration of rights does not preclude the existence of unenumerated rights.

The Ninth Amendment clearly has no application of this case. The authoritative history of the amendment shows that it is merely a savings clause, intended to limit the federal government to the powers expressly granted in the Constitution. Furthermore, decisional history shows that the Ninth Amendment is a source of the "Penumbral Rights," and is most commonly associated with the right of privacy. *See Griswold v. Connecticut*, 381 U.S. 479 (1965). Because the Ninth Amendment does not apply to the states, and because the Ninth Amendment has no application supported by the

allegations of the Complaint, the Sheriff is entitled to summary judgment in his favor as a matter of law.

**D.  Respondeat Superior**

It is well-established law that a governmental entity may not be held liable for violations of 42 U.S.C. § 1983 based on a theory of respondeat superior. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Governmental entities may only be held liable when a plaintiff establishes that there are "official policies [that] cause their employees to violate another person's constitutional rights" or "widespread practice[s] that, although not authorized by written law or express municipal policy, [are] 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adikes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)).

In this case, Plaintiff does not allege that the SHERIFF instituted procedures that were violative of his constitutional rights, or was personally aware of any practices that did so. The SHERIFF'S alleged involvement is only on a supervisory basis. Because supervisory liability is insufficient to state the claim of constitutional dimension, then the SHERIFF is entitled to dismissal in his official capacity as a matter of law. *See Froehlich v. Wisconsin Dep't of Corrections*, 196 F.3d 800, 801 (7th Cir.1999).

**E.  Eleventh Amendment Immunity**

Eleventh Amendment sovereign immunity protects a state from suit in federal court without its express permission including those brought under 42 U.S.C. § 1983. *See Alden v. Maine*, 527 U.S. 706, 754 (1999); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Aguilar v.*

7

*Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Government employees sued in their official capacities fit within the prohibition. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir.1993). When a state official is made a defendant in a lawsuit, the real, substantial party in interest is the state. *See Harbert Inter., Inc. v. James*, 157 F.3d 1271, 1286 (11th Cir. 1998).

Florida has waived its Eleventh Amendment sovereign immunity protection only as provided in section 768.28 (9)(a), Florida Statutes (1999), which allows suit against the State and its agencies but prohibits suit against its agents and employees. The immunity incorporated into section 768.28(9)(a) applies here to protect the SHERIFF in his official capacity, from Plaintiff's action, and the SHERIFF is therefore entitled to dismissal of this action.

WHEREFORE, Defendant SHERIFF OF BROWARD COUNTY, respectfully requests that this Court enter grants its Motion to Dismiss Plaintiff's Second Amended Complaint in this matter.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy of the foregoing was furnished via United States Mail, this 9th day of April, 2001 to: **CARLOS CRUANES, ESQUIRE**, HIGH, STACK, PALAHACH & CRUANES, Attorney for Plaintiff, 2655 LeJeune Road, Suite 1108, Coral Gables, Florida 33134.

       BUNNELL, WOULFE, KIRSCHBAUM,
       KELLER, McINTYRE & GREGOIRE, P.A.
       Attorneys for Sheriff of Broward County
       888 East Las Olas Blvd., Suite 400
       Fort Lauderdale, FL 33301
       (954) 761-8600

       By: _____
         JODI C. PAGE
         FBN: 0174629