UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                          CASE NO. 00-6104-CIV-ZLOCH

        Plaintiff,                     MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA, and EMSA CORRECTIONAL
CARE, INC., a Florida corporation,

        Defendants.
_____/

### PLAINTIFFS' MOTION TO COMPEL DEFENDANT, SHERIFF OF BROWARD COUNTY, FLORIDA TO RESPOND TO DISCOVERY

Plaintiff, pursuant to Rules 34 and 37, Fed. R. Civ. P., and Rule 26.1, S.D. Fla. Loc. R., moves this Honorable Court for the entry of an Order compelling the Defendant, SHERIFF OF BROWARD COUNTY, FLORIDA, to provide better answers to Plaintiff's Interrogatories and to produce documents requested pursuant to Plaintiff's Request for Production of Documents propounded on Defendant by regular U.S. mail on January 18, 2001, and as grounds states:

### BACKGROUND

This is an action brought by Scott Earley for the deprivation of his Civil Rights by Defendant, Sheriff of Broward County, Florida. On or about February 16, 1999, Earley was, as a result of misdemeanor proceedings, confined in the North Broward Detention Facility, located in Broward County, and operated by the Sheriff of Broward County to serve a sentence of ten days. The Court chose this facility because it allegedly

could accommodate Earley, who is a paraplegic.

Defendant's agents at the facility were well aware of his condition. Aside from the obvious nature of his condition, prior to Earley's incarceration, his mother, Patsy White, made it very clear to Judge Trachman of his medical condition and of his special medical needs. At Earley's sentencing hearing on January 25, 1999, the judge stated that he would be treated as if he were in a medical facility and that all of Earley's special needs for his injuries would be taken care of. On February 8, 2000, eight days prior to Earley's incarceration, his primary care physician, Dr. Mack, wrote a list of prescriptions and of his special needs and faxed it twice to the infirmary at the North Broward County Detention Facility.

The nature of Earley's condition renders him unable to care for himself. He was routinely "parked" and forgotten; he is supposed to catheterize every five to six hours with his own catheterization materials, but instead was only allowed to catheterize twice a day, and with the wrong size tubing with no lubrication. As to Earley's bowel needs, he needs to be put on his side and cleaned once he is done. This was not done, and Earley remained in his own feces for quite some time. As a result, he developed severe decubitus ulcer infections.

Earley repeatedly complained as his condition worsened, and was simply ignored and told to shut up. When Earley insisted, disciplinary actions were taken against him

2

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

and he was placed in isolation. Upon the arrival of his scheduled release date, February 26, 1999, agents of the Defendant took Earley outside and left him there alone in fifty degree weather in a pair of shorts and a shirt to await his mother.

Suit was filed on March 2, 2000, alleging amongst other things, that Defendant, Sheriff of Broward County, through its agents and employees, with knowledge of Earley's medical needs and his condition, and with deliberate indifference thereto, acted or failed to act in such a manner as to deprive Earley of necessary and adequate medical care, endangering his well-being and leading to his suffering injuries. That Defendant, Sheriff of Broward County, through its agents and employees, had a duty under the United States Constitution to provide Earley, as an inmate of a county facility, with needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole. That Defendant, Sheriff of Broward County, through its agents and employees, had a duty under the United States Constitution to instruct, supervise, and/or train its employees and agents to deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida as a whole. That Defendant, Sheriff of Broward County, breached said duties to Earley.

On January 18, 2001, Plaintiff propounded its Request for Production consisting of nine requests and Interrogatories consisting of 40 questions upon Defendant, Sheriff of Broward County, seeking discovery relevant to the allegations listed above (attached

3

hereto as Exhibit "1").

Simultaneously, on January 18, 2001, Plaintiff filed a Motion for Leave to Serve Interrogatories in Excess of the S.D. Fla. L.R. 26.1G Limit and attached to his Motion a copy of his Interrogatories. On February 12, 2001, this Honorable Court entered an Order granting Plaintiff's motion and allowing him to serve his 40 Interrogatories upon Defendant, Sheriff of Broward County, Florida. Said discovery was not only relevant and necessary to the Plaintiff's case, it was within the sole possession and control of Defendant Sheriff, and not available to the Plaintiffs from any other source.

Counsel for Defendant, Sheriff of Broward County requested an extension of time in which to respond to Plaintiff's Request for Production until March 2, 2001, over two weeks after the initial due date of this discovery, to which counsel for Plaintiff agreed. Defendant Sheriff's counsel responded by sending via facsimile on March 5, 2001, its Responses to Interrogatories and to Request for Production (attached hereto as Exhibit "2"). The responses to discovery consisted of little more than a series of blanket objections to practically every interrogatory or request for production. Plaintiff's counsel in a good faith effort to resolve this discovery dispute without aid of the Court, discussed with Defendant's counsel the deficiencies in their responses, but the parties were unable to reach agreement. As such, Plaintiff is left with no other recourse but to seek intervention of this Honorable Court.

4

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

## MEMORANDUM OF LAW

It has long been established that the scope of discovery under the Federal Rules
of Civil Procedure is extremely broad. Generally, discovery may be had as to any matter,
not privileged, which is relevant to the subject matter of the pending action. *E.g.,*
*Loustalet v. Refco, Inc.,* 154 F.R.D. 243 (C.D. Cal. 1993). Under the Rules, the definition
of "relevance" is liberally construed. All that is required is that the subject of discovery
be relevant in some way to the subject matter of the litigation; parties may seek
information on any issue that is raised by the pleadings or may conceivably come up in
the case, or could even arguably lead to such information. *See Bacon v. Smith Barney*
*Shearson, Inc.,* 938 F.Supp. 98 (D. N.H. 1996); *Duplan Corp v. Deering Milliken, Inc.,* 397
F.Supp. 1146 (D. S.C. 1974). The requested discovery need not even be admissible to
be relevant, and thus discoverable. *Seattle Times Co., v. Rhinehart,* 467 U.S. 20, 104 S.Ct.
2199, 81 L.Ed.2d 17 (1984). Under these very liberal discovery principles, those
opposing discovery bear a heavy burden in showing why discovery should not be had.
*Blankenship v. Hearst Corp,* 519 F.2d 418 (9th Cir. 1975).

As is evident from Plaintiffs' Interrogatories and Request for Production attached
as Composite Exhibit "A", all of Plaintiffs' requests are extremely relevant and necessary
to prove his case, and as such, discoverable.

## DEFICIENCIES IN DEFENDANT'S RESPONSES

5

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

The following list details each of Plaintiff's Interrogatories and Requests for

Production to which Defendant has objected or inadequately responded to, and the basis

for asking the Court to compel Defendant to respond to, or supplement its response to

each discovery request:

A. **Interrogatory No. 2:** Please provide the name, address, telephone number, place

of employment and job title of any person who has any knowledge or information

pertaining to any fact alleged in the pleading (as defined in Fed.R.Civ.P. 7(a)) filed

in this action, or any fact underlying the subject matter of this action.

> **Answer to Interrogatory No. 2:** Objection, Overbroad. Further, the information
> sought is irrelevant, and the request is outside the scope of information which
> may be requested in an interrogatory under the Local Rules of the Southern
> District of Florida, Rule 26(G)(2). However, without waiving said objection, the
> following individuals may have knowledge of this incident:
>
> > Deputy Pasmore
> > Deputy Neely
> > Deputy Yocobellis
> > Deputy Rodriguez
> > Deputy Brocce
> > Yvonne Wilcher
> > Nathalie Innocent
> > Charlotte Hoback
> > Joy Borut
> > Margaret Celcis
> > Erin Cody
> > Maurice Waldman
> > Margaret Kaye
> > Marie Hall
> > Janice O'Conner
> > Linda Imhoff

6

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

Shirley Wilkens
Fred Laufer
Jacqueline Graham

**Basis for Motion:** Out of the forty (40) Interrogatories propounded upon Defendant, it filed, with minor changes, the same basic objection to thirty-eight (38) of them, i.e.. "objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence," "irrelevant," " vague," etc. Defendant's blanket objection in response to almost every interrogatory is completely inappropriate. To voice a successful objection to discovery, a defendant can not simply intone the familiar "overly broad, burdensome, oppressive and irrelevant" litany; rather, it has to show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980). Objections to interrogatories must be specific and supported by detailed explanation as to why interrogatories or a class of interrogatories is objectionable. *U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.*, 66 F.R.D. 570 (E.D.Ill.1975).

Furthermore, Plaintiff specifically requested that Defendant provide not only the name of any person who had knowledge or information pertaining to any fact, but also the address, telephone number, place of employment and job title of such person.

7

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

Defendant makes absolutely no effort to do so. Instead, Defendant provides another baseless objection that this interrogatory is beyond the scope of the Local Rules of the Southern District of Florida, Rule 26(G)(2). Defendant's objection is contrary to this Court's Order of February 12, 2001, in which this Court after a careful review of its merits and of the proposed interrogatories, granted Plaintiff's Motion for Leave to Serve Additional Interrogatories in Excess of the S.D. FLA. L.R. 26.1G Limit.

**B.    Interrogatory No. 3:** Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no. 2 may have.

**Answer to Interrogatory No. 3:** Please see the EMSA Correctional Care and Broward Sheriff's Office records produced in response to Plaintiff's Request for Production.

**Basis for Motion:** Defendant's response is clearly inappropriate. This non-responsive answer makes it virtually impossible for Plaintiff to identify the best sources for further oral deposition, and are contrary to the spirit of cooperation and civility practiced in our District. Plaintiff is asking Defendant to specify the nature and substance of the knowledge that it believes these persons have. Even in the limited circumstances when it is appropriate to produce records in lieu of an answer, i.e., when the burden of extracting the requested information would be substantially equal for either party, which is clearly not the case in the case at bar, a party responding to an

8

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

interrogatory by referencing records, must provide sufficient detail to allow the other

party to identify which individual documents contain the information requested. *Rainbow*

*Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902 (9th Cir.1983); *Securities*

*and Exchange Comm'n v. Bilzerian*, 190 B.R. 964, 965 (Bkrtcy.M.D.Fla.1995). Defendant,

once again, fails to do so.

C. **Interrogatory No. 4:** Identify all persons employed at the North Broward

Detention Center at any time during the period from February 16, 1999 to February

26, 1999.

**Answer to Interrogatory No. 4:** Objection, overbroad, not reasonably calculated
to lead to the discovery of admissible evidence. Further, the information sought is
irrelevant, and the request is outside the scope of information which may be requested
in an interrogatory under the Local Rules of the Southern District of Florida, Rule
26(G)(2). However, without waiving said objection, all employees of the Defendant who
had any contact with Scott Earley were listed in Defendant's response to Interrogatory
#1.

**Basis for Motion:** For the same reasons discussed at length in the Basis for

Motion to interrogatories numbers 1 and 2, Defendant's blanket and unspecific

objection is inappropriate. Plaintiff further contends that Defendant's attempt to

raise an objection so as to only provide very limited disclosure is in itself

inappropriate. Even Defendant's attempt at a limited response does not answer the

question asked it.

D. **Interrogatories Nos. 5, 6, 7:** Defendant responded to each of these

9

interrogatories in precisely the same manner, therefore, the basis for Plaintiff's

Motion is the same.

**Interrogatory No. 5:** For each person listed in interrogatory 4, state his or her

job title, duties, and responsibilities.

**Interrogatory No. 6:** For each person listed in interrogatory 4, describe the

training experience each had in order to perform the duties of the position.

**Interrogatory No. 7:** For each person listed in interrogatory 4, identify any

document describing his or her employment history, including any complaints made

by inmates or co-employees, or disciplinary action taken against each.

**Answer to Interrogatories Nos. 5, 6, and 7:** Please see response to
Interrogatory #4 above.

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set

forth fully at Interrogatories numbers 1, 2, and 4, above.

E.  **Interrogatory No. 8:** Identify all persons responsible for the provision of medical

care to inmates at the North Broward Detention Center from January 1997 to

April 1999.

**Answer to Interrogatory No. 8:** Objection, overbroad, not reasonably
calculated to lead to the discovery of admissible evidence. However, without waiving
said objection, please see response to Interrogatory #4 above.

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set

10

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

forth fully at Interrogatories numbers 1, 2, and 4, above.

F. **Interrogatories Nos. 9, 10, 11, and 12:** Defendant responded to each of these interrogatories in precisely the same manner, therefore, the basis for Plaintiff's Motion is the same.

**Interrogatory No. 9:** For each person listed in interrogatory 8, describe the training and experience each had in order to perform the duties of the position.

**Interrogatory No. 10:** For each person listed in interrogatory 8, identify any document describing his or her employment history, including any complaints made by inmates or co-employees, or disciplinary action taken against each.

**Interrogatory No. 11:** Identify all persons at the North Broward Detention Center from January 1997 to April 1999 with special training or education in the treatment of inmates with special medical needs such as those of the Plaintiff, who is a paraplegic.

**Interrogatory No. 12:** For each person listed in interrogatory 11, describe in detail the nature of the special training or education in the treatment of inmates with special medical needs such as those of the Plaintiff, who is a paraplegic.

> **Answer to Interrogatories Nos. 9, 10, 11, and 12:** Please see response to Interrogatory #8 above.

> **Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set forth fully at Interrogatories numbers 1, 2, and 4, above.

11

G. **Interrogatory No. 13:** Describe the policy or procedure in effect at the North

Broward Detention Center from January 1997 to April 1999 regarding the

provision of medical care and treatment to inmates with special needs such as the

Plaintiff, who is a paraplegic.

    **Answer to Interrogatory No. 13:** Objection, overbroad, not reasonably
calculated to lead to the discovery of admissible evidence. Further, the information
sought is beyond the scope of information which may be requested in an
interrogatory under the Local Rules of the Southern District of Florida, Rule
26(G)(2).

    **Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set

forth fully at Interrogatories numbers 1, 2, and 4, above.

H. **Interrogatories Nos. 14, 15, and 16:** Defendant responded to each of these

interrogatories in precisely the same manner, therefore, the basis for Plaintiff's

Motion is the same.

    **Interrogatory No. 14:** Describe the measures taken to insure the adherence to

the policy or procedure in effect at the North Broward Detention Center from

January 1997 to April 1999 regarding the provision of medical care and treatment to

inmates with special needs such as the Plaintiff, who is a paraplegic.

    **Interrogatory No. 15:** Describe the special measures taken at the North

Broward Detention Center during the period from January 1997 to April 1999 in

order to provide the necessary medical care for any inmates with special medical

12

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

needs such as the Plaintiff, who is a paraplegic.

**Interrogatory No. 16:** Describe the facilities at the North Broward Detention

Center during the period from January 1997 to April 1999 able to provide the

necessary medical care for any inmates with special medical needs such as the

Plaintiff, who is a paraplegic.

**Answer to Interrogatories Nos. 14, 15, and 16:** Please see response to
Interrogatory #14 above.

**Basis for Motion:** Defendant apparently meant to refer to Interrogatory # 13.

As such, the Basis for Plaintiff's Motion is the same as those set forth fully at

Interrogatories numbers 1, 2, and 4, above.

1.  **Interrogatory No. 18:** Under the policy or procedures described in interrogatory

    13, did any medical care provider visit the detention center to examine or treat

    inmates with special medical needs such as the Plaintiff, who is a paraplegic, on a

    regularly scheduled basis?

**Answer to Interrogatory No. 18:** Objection, overbroad, not reasonably
calculated to lead to the discovery of admissible evidence. Further, the information
sought is beyond the scope of information which may be requested in an
interrogatory under the Local Rules of the Southern District of Florida, Rule
26(G)(2).

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set

forth fully at Interrogatories numbers 1, 2, and 4, above.

13

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

J. **Interrogatory No. 19**: What was the number of requests for medical treatment

made by inmates with special medical needs such as the Plaintiff, who is a

paraplegic, during the period from January 1997 to April 1999?

**Answer to Interrogatory No. 19**: Please see response to Interrogatory #18

above.

**Basis for Motion**: The Basis for Plaintiff's Motion is the same as those set

forth fully at Interrogatories numbers 1, 2, and 4, above.

K. **Interrogatory No. 20**: What was the number of requests for medical treatment

made by the Plaintiff during the period from February 16, 1999 to February 26,

1999?

**Answer to Interrogatory No. 20**: Objection, vague. Further, the information
sought is beyond the scope of information which may be requested in an
interrogatory under the Local Rules of the Southern District of Florida, Rule
26(G)(2). However, without waiving said objection this information is not within the
personal knowledge of the Defendant.

**Basis for Motion**: The Basis for Plaintiff's Motion is the same as those set

forth fully at Interrogatories numbers 1, 2, and 4, above, and in addition would

add that general objections to interrogatories on grounds of vagueness will not be

sustained. *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y.1958).

L. **Interrogatory No. 21**: How many times did the Plaintiff receive medical

treatment during the period from February 16, 1999 to February 26, 1999?

14

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

**Answer to Interrogatory No. 21:** Objection, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26(G)(2). However, without waiving said objection please see the medical chart of Scott Earley.

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set forth

fully at Interrogatories numbers 1, 2, 3, and 4, above, and in addition would add that

general objections to interrogatories on grounds of vagueness will not be sustained.

*Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y.1958). Plaintiff further

contends that Defendant's attempt to raise an objection so as to only provide very

limited disclosure is in itself inappropriate.

M. **Interrogatory No. 22:** Describe the exact nature of any medical care rendered to

the Plaintiff.

**Answer to Interrogatory No. 22:** Objection, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26(G)(2). However, without waiving said objection please see the medical chart of Scott Earley.

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set

forth fully at Interrogatory number 21, above.

N. **Interrogatories Nos. 23, 24, 25, 26, 27, 28, 29, and 30:** Defendant

responded to each of these interrogatories in precisely the same manner,

therefore, the basis for Plaintiff's Motion is the same.

15

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

**Interrogatory No. 23:** Describe the dates when said medical care was rendered to the Plaintiff.

**Interrogatory No. 24:** Identify all persons whom Plaintiff contacted to request medical treatment.

**Interrogatory No. 25:** Describe the action taken by this person or persons in response to Plaintiff's request for medical treatment.

**Interrogatory No. 26:** Identify all persons who rendered medical care to the Plaintiff, include the date of treatment and the exact nature of said treatment.

**Interrogatory No. 27:** Does the North Broward Detention Center maintain any documents recording Plaintiff's requests for medical care?

**Interrogatory No. 28:** If so, identify the documents.

**Interrogatory No. 29:** Does the North Broward Detention Center maintain any documents recording the medical care rendered to Plaintiff?

**Interrogatory No. 30:** If so, identify the documents.

**Answers to Interrogatories Nos. 23, 24, 25, 26, 27, 28, 29, and 30:** Please see Response to Interrogatory #22 above.

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set forth fully at Interrogatory number 21, above.

O. **Interrogatory No. 31:** Identify any third party responsible for providing medical

16

care to the inmates at the North Broward Detention Center.

**Answer to Interrogatory No. 31:** Objection, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26(G)(2).

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set forth fully at Interrogatories numbers 1, 2, and 4, above, and in addition would add that general objections to interrogatories on grounds of vagueness will not be sustained. *Frone Corp. v. Skouras Theatres Corp.,* 22 F.R.D. 494 (S.D.N.Y.1958).

P. **Interrogatories Nos. 32, 33, 34, 35, 36, 37, 38, 39, and 40:** Defendant responded to each of these interrogatories in precisely the same manner, therefore, the basis for Plaintiff's Motion is the same.

**Interrogatory No. 32:** For each person or party listed in interrogatory 31, please provide their name, address, telephone number, place of employment and job title.

**Interrogatory No. 33:** For each person or party listed in interrogatory 31, describe in detail the nature of the person or party's responsibilities or duties in relation to the inmates at the North Broward Detention Center.

**Interrogatory No. 34:** For each person or party listed in interrogatory 31, describe in detail your relationship with said person or party.

**Interrogatory No. 35:** Please identify any documents pertaining to said third

17

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

parties and their relationship to you.

**Interrogatory No. 36:** Identify any persons or parties whom you allege are liable for any of the damages suffered by the Plaintiff as alleged in his complaint.

**Interrogatory No. 37:** For each person or party listed in interrogatory 36, please provide their name, address, telephone number, place of employment and job title.

**Interrogatory No. 38:** For each person or party listed in interrogatory 36, describe in detail the nature of the person or party's responsibilities or duties in relation to the damages suffered by the Plaintiff as alleged in his complaint.

**Interrogatory No. 39:** For each person or party listed in interrogatory 36, describe in detail your relationship with said person or party.

**Interrogatory No. 40:** Please identify any documents pertaining to said third parties and their relationship to you.

**Answer to Interrogatories Nos. 32, 33, 34, 35, 36, 37, 38, 39, and 40:** Please see response to Interrogatory #31 above.

**Basis for Motion:** The Basis for Plaintiff's Motion is the same as those set forth fully at Interrogatories numbers 1, 2, and 4, above, and in addition would add that general objections to interrogatories on grounds of vagueness will not be sustained. *Erone Corp. v. Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y.1958).

Q. **Document Request No. 2:** Produce all documents related to the employment

18

history, including any complaints made by inmates or co-employees, or

disciplinary action taken of each person employed at the North Broward

Detention Center at any time during the period from February 16, 1999 to

February 26, 1999.

**Answer to Document Request No. 2:** Objection, overbroad in time and scope, not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought in this request is confidential and exempt from disclosure by virtue of Section 119.70, Florida Statutes (1999).

**Basis for Motion:** Once again, as discussed at length in the section dealing

with the answers to interrogatories, a blanket objection is an inappropriate response.

Furthermore, as to the Florida Public Records Act cited by Defendant, the general

purpose of the Act is to open public records so that the state's citizens can directly

observe the actions of their government; therefore, the Act is to be construed liberally

in favor of openness, and all exemptions from disclosure should be construed

narrowly and limited to their designated purpose. *Barfield v. City of Ft. Lauderdale

Police Dept.,* 639 So.2d 1012 ( 4th DCA, 1994). Additionally, Defendant's attempt to

invoke exemption was improperly done. Section (2)(a) of the Act reads in pertinent

part:

> A person who has custody of a public record and who asserts that an
> exemption provided in subsection (3) or in a general or special law applies to
> a particular public record or part of such record shall delete or excise from the
> record only that portion of the record with respect to which an exemption has

19

been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination. If the person who has custody of a public record contends that the record or part of it is exempt from inspection and examination, he or she shall state the basis of the exemption which he or she contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute, and, if requested by the person seeking the right under this subsection to inspect, examine, or copy the record, he or she shall state in writing and with particularity the reasons for the conclusion that the record is exempt.

Defendant has not complied with the requirements of the Act, once again instead,

asserting a blanket and inappropriate exemption without the requisite specificity.

R.  **Request to Produce No. 3:** Produce all documents related to the employment

history, including any complaints made by inmates or co-employees, or

disciplinary action taken of each person responsible for the provision of medical

care to inmates at the North Broward Detention Center at any time during the

period from January 1, 1997 to April 30, 1999.

**Answer to Request to Produce No. 3:** Objection, overbroad in time and scope, not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought in this request contains privileged peer review material.

**Basis for Motion:** The basis for Plaintiff's Motion is the same as the basis to

Request to Produce No. 2 above, except that the Defendant's alleged privilege is

explained in even less detail, making it impossible for Plaintiff to determine the basis

of said objection. The term "peer review material" as it is customarily used relates to

20

medical malpractice cases where the Defendant medical doctor's actions are reviewed
by his peers, i.e., other medical doctors. How this is relevant or germane to the case at
bar or how it can form the basis for a claim of privilege is beyond Plaintiff's
understanding.

S. **Request to Produce No. 4:** Produce all documents provided or used by
employees of the North Broward Detention Center at any time during the period
from January 1, 1997 to April 30, 1999 relating to the provision of medical care
for any inmates with special medical needs such as the Plaintiff, who is a
paraplegic, including any employee handbook, work rules, rules and regulations,
or policies.

**Answer to Request to Produce No. 4:** Objection, overbroad in time and
scope. However, without waiving said objection, we have attached a copy of the Table
of Contents to the policy and procedure manual in effect during Scott Earley's
incarceration which pertains to the rendering of medical care to inmates.

**Basis for Motion:** As already discussed above, "bare assertions that discovery
requested is overly broad, burdensome, oppressive or irrelevant are ordinarily
insufficient, standing alone, to bar production. *Continental Illinois National Bank &
Trust Co., of Chicago v. Caton,* 136 F.R.D. 682 (D.Kan. 1991). In addition, once again
Defendant's attempt to raise an objection so as to only provide very limited
disclosure, in this instance only a table of contents when the request asked for much

21

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

more, is clearly inappropriate.

T. **Request to Produce No. 5:** Produce all documents maintained by the North

Broward Detention Center recording requests for medical treatment made by

inmates with special medical needs such as the Plaintiff, who is a paraplegic,

during the period from January 1, 1997 to April 30, 1999.

**Answer to Request to Produce No. 5:** Objection, overbroad in time and
scope. However, without waiving said objection, a copy of the Broward Sheriff's
Office's records pertaining to Scott Earley and the medical chart of Scott Earley from
the North Broward Detention Center, are Attached.

**Basis for Motion:** The basis for Plaintiff's Motion in regards to Request No. 5

are the same as explained in Request No. 4, above.

U. **Request to Produce No. 6:** Produce all documents maintained by the North

Broward Detention Center recording requests for medical treatment made by the

Plaintiff, during the period from February 16, 1999 to February 26, 1999.

**Answer to Request to Produce No. 6:** See response to Request #5 above.

**Basis for Motion:** The basis for Plaintiff's Motion in regards to Request No. 6

are the same as explained in Request No. 4, above.

V. **Request to Produce No. 7:** Produce all documents pertaining to any third party

responsible for providing medical care to the inmates at the North Broward

Detention Center, including any complaints made by inmates or co-employees, or

22

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

disciplinary action taken of each third party and/or person responsible for the

provision of medical care to inmates at the North Broward Detention Center at

any time during the period from January 1, 1997 to April 30, 1999.

**Answer to Request to Produce No. 7:** Objection, overbroad in time and
scope. Further, any information regarding complaints or disciplinary action is
privileged peer review information. However, without waiving said objection, the
contract between the Broward Sheriff's Office EMSA Correctional Care, Inc., which
was in effect in February of 1999 is attached.

**Basis for Motion:** The basis for Plaintiff's Motion in regards to Request No. 7

are the same as explained in Request No. 4, above.

W. **Request to Produce No. 8:** Produce all documents pertaining to any third party

responsible for providing medical care to the inmates at the North Broward

Detention Center and your relationship to them, including but not limited to any

contracts, agreements, licenses, indemnity agreements, insurance agreements, etc.

*Answer to Request to Produce No. 8: See response to Request #7 above.*

**Basis for Motion:** The basis for Plaintiff's Motion in regards to Request No. 8

are the same as explained in Request No. 4, above.

X. **Request to Produce No. 9:** Produce all documents pertaining to any third

parties you allege are liable for any of the damages suffered by the Plaintiff as

alleged in his complaint.

**Answer to Request to Produce No. 9:** Objection, overbroad, vague.

23

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

However, without waiving said objection, unknown at this time as this matter is only in the initial stages of discovery.

**Basis for Motion:** The basis for Plaintiff's Motion in regards to Request No. 9 are the same as explained in Request No. 4, above.

## CONCLUSION

The Defendant has set forth no specific factual basis in justification of any of its objections. Rather, it relies upon blanket objections and the citation of vague privacy concerns. It is respectfully submitted that these assertions fall far short of meeting the heavy burden Defendant bears in showing why discovery should not be had, *Blankenship, supra*.

None of the parties hereto would be prejudiced by a grant of this Motion. However, without responses to Plaintiff's discovery, he will be unable to properly prepare his case for the trial of this matter.

WHEREFORE Plaintiff, Scott Earley, prays that this Honorable Court enter an Order compelling Defendant to immediately provide complete answers to Plaintiff's Interrogatories, and to immediately produce any and all documents responsive to each and every request submitted in Plaintiffs' Request for Production, and any other relief this Court deems just and proper.

24

Scott Earley v. Sheriff of Broward County, Florida, et.al.,
CASE NO. 00-6104-CIV-ZLOCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

by U.S. mail to Jodie C. Page, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen &

McIntyre, P.A., Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400,

Fort Lauderdale, FL 33303-0340 this /⋅⟩ 11 day of April, 2001.

HIGH, STACK, PALAHACH
& CRUANES
2655 LeJeune Road, Suite 1108
Coral Gables, Florida 33134
Telephone: (305) 443-3329

By:

Carlos Cruanes
Florida Bar No.0121940

25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

CASE NO. 00-6104-CIV-ZLOCH

Plaintiff,

MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

Plaintiff, SCOTT EARLEY, propounds the following Interrogatories upon Defendant, SHERIFF

OF BROWARD COUNTY, FLORIDA, and requests that they be answered separately and fully, in

writing, and under oath within thirty (30) days of service pursuant to Rule 33, Federal Rules of Civil

Procedure and S.D. Fla. L.R. 26.1G.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by hand

delivery to Alan C. Anchell, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A.,

Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, FL 33303-0340

this 18th day of January , 2001.

HIGH, STACK, PALAHACH
& CRUANES
2655 LeJeune Road, Suite 1108
Coral Gables, Florida 33134
Telephone No. (305) 443-3329
Facsimile No. (305) 443-0850
By: _____
Carlos Cruanes
Florida Bar No. 0121940

1

Florida Bar No.0121940
**DEFINITIONS**

a.    Plaintiff means the named plaintiff or plaintiffs in this case, whether bringing this suit individually or in any representative capacity

b.    The words "you," "yours" and/or "yourselves" means the named defendant and any jail officials, employees, supervisors, agents, representatives, or anyone acting for or on his behalf, or its behalf

c.    The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation "

d    "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

e.    The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, micro films, video tapes or tape recordings.

f     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

g.    The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates,

demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

h.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

i.     Identify a person means to state his or her full name; telephone number; residence and business address (or if those are unknown, the last known addresses); his or her current business affiliation, title, and professional designation (e.g., M.D.); and the name and telephone number of his or her employer, if known.

j.     Injury refers to any illness or disability, either physical, mental, or emotional, plaintiff claims to have suffered while incarcerated

k.     Medical care includes any aid, treatment, comfort, diagnosis, prognosis, or examination by any medical care provider or other person for any injury, including any mental, emotional or psychological illness.

l      Medical care provider includes all persons who provide any type of medical care, mental health care, or rehabilitation care on a professional basis, such as physicians, surgeons, nurses, nurse's aides, technicians, paramedics, physical therapists, rehabilitation therapists, chiropractors, podiatrists, psychiatrists, psychologists, mental health counselors, and psychotherapists.

m.     The term "action" shall mean the case entitled Scott Earley V. Sheriff of Broward County, Florida, CASE NO. 00-6104-CIV-ZLOCH.

n.     The word "identify" when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) type of document (i.e. correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document, (3) the date

of the document, (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

## INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to S.D. Fla. L.R. 26.1 G.6.(b), unless divulging the information would disclose the privileged information:

a.　　the nature of the privilege claimed (including work product);

b.　　if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

c.　　the date of the document or oral communication;

d.　　if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and the addressee;

e.　　if an oral communication. the place where it was made. the names of the persons present while it was made. and. it not apparent, the relationship of the persons present to the declarant. an

f.　　the general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P.26(e).

## **INTERROGATORIES**

1.  Identify the person answering these interrogatories.

ANSWER:

2.  Please provide the name, address, telephone number, place of employment and job title of any person who has any knowledge or information pertaining to any fact alleged in the pleading (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

ANSWER:

3.    Please state the specific nature and substance of the knowledge that you believe the person(s)

identified in your response to interrogatory no. 1 may have.

ANSWER:

4.    Identify all persons employed at the North Broward Detention Center at any time during the

period from February 16, 1999 to February 26, 1999.

ANSWER:

5.    For each person listed in interrogatory 4, state his or her job title, duties, and
responsibilities.

ANSWER:

6    For each person listed in interrogatory 4, describe the training experience each had in order to
perform the duties of the position.

ANSWER:

7.   For each person listed in interrogatory 4, identify any document describing his or her employment history, including any complaints made by inmates or co-employees, or disciplinary action taken against each.

ANSWER:

8.   Identify all persons responsible for the provision of medical care to inmates at the North Broward Detention Center from January 1997 to April 1999.

ANSWER

9   For each person listed in interrogatory 8, describe the training and experience each had in order to perform the duties of the position.

ANSWER:

10.   For each person listed in interrogatory 8, identify any document describing his or her employment history, including any complaints made by inmates or co-employees, or disciplinary action taken against each.

ANSWER.

11.    Identify all persons at the North Broward Detention Center from January 1997 to April

1999 with special training or education in the treatment of inmates with special medical

needs such as those of the Plaintiff, who is a paraplegic.

ANSWER:

12.    For each person listed in interrogatory 11, describe in detail the nature of the special

training or education in the treatment of inmates with special medical needs such as those

of the Plaintiff, who is a paraplegic.

ANSWER:

13.   Describe the policy or procedure in effect at the North Broward Detention Center from
      January 1997 to April 1999 regarding the provision of medical care and treatment to
      inmates with special needs such as the Plaintiff, who is a paraplegic

ANSWER:

14   Describe the measures taken to insure the adherence to the policy or procedure in effect at
     the North Broward Detention Center from January 1997 to April 1999 regarding the
     provision of medical care and treatment to inmates with special needs such as the Plaintiff,
     who is a paraplegic.

ANSWER

15.    Describe the special measures taken at the North Broward Detention Center during the

period from January 1997 to April 1999 in order to provide the necessary medical care for

any inmates with special medical needs such as the Plaintiff, who is a paraplegic.

ANSWER:

16.    Describe the facilities at the North Broward Detention Center during the period from

January 1997 to April 1999 able to provide the necessary medical care for any inmates

with special medical needs such as the Plaintiff, who is a paraplegic.

ANSWER:

17.   Identify any document provided or used by employees of the North Broward Detention
      Center at any time during the period from January 1997 to April 1999 relating to the
      provision of medical care for any inmates with special medical needs such as the Plaintiff,
      who is a paraplegic, including any employee handbook, work rules, rules and regulations,
      or policies.

ANSWER:

18.   Under the policy or procedures described in interrogatory 13, did any medical care
      provider visit the detention center to examine or treat inmates with special medical needs
      such as the Plaintiff, who is a paraplegic, on a regularly scheduled basis?

ANSWER:

19. What was the number of requests for medical treatment made by inmates with special medical needs such as the Plaintiff, who is a paraplegic, during the period from January 1997 to April 1999?

ANSWER:

20. What was the number of requests for medical treatment made by the Plaintiff during the period from February 16, 1999 to February 26, 1999?

ANSWER:

21.    How many times did the Plaintiff receive medical treatment during the period from

February 16, 1999 to February 26, 1999?

ANSWER:

-

22    Describe the exact nature of any medical care rendered to the Plaintiff.

ANSWER:

23.     Describe the dates when said medical care was rendered to the Plaintiff.

ANSWER:

24.     Identify all persons whom Plaintiff contacted to request medical treatment

ANSWER:

25.    Describe the action taken by this person or persons in response to Plaintiff's request for medical treatment.

ANSWER:

26.    Identify all persons who rendered medical care to the Plaintiff, include the date of treatment and the exact nature of said treatment.

ANSWER:

27. Does the North Broward Detention Center maintain any documents recording Plaintiff's
requests for medical care?

ANSWER:

28. If so, identify the documents.

ANSWER.

29    Does the North Broward Detention Center maintain any documents recording the medical

care rendered to Plaintiff?

ANSWER:

30.    If so. identify the documents

ANSWER:

31.    Identify any third party responsible for providing medical care to the inmates at the North

Broward Detention Center.

ANSWER:

32.    For each person or party listed in interrogatory 31, please provide their name, address,

telephone number, place of employment and job title.

ANSWER.

20

33.     For each person or party listed in interrogatory 31, describe in detail the nature of the

person or party's responsibilities or duties in relation to the inmates at the North Broward

Detention Center.

ANSWER:

34.     For each person or party listed in interrogatory 31, describe in detail your relationship with

said person or party.

ANSWER.

21

35    Please identify any documents pertaining to said third parties and their relationship to you.

ANSWER:

36    Identify any persons or parties whom you allege are liable for any of the damages suffered

by the Plaintiff as alleged in his complaint.

ANSWER:

22

37.    For each person or party listed in interrogatory 36, please provide their name, address,

telephone number, place of employment and job title.

ANSWER:

38    For each person or party listed in interrogatory 36, describe in detail the nature of the

person or party's responsibilities or duties in relation to the damages suffered by the

Plaintiff as alleged in his complaint.

ANSWER:

23

39.    For each person or party listed in interrogatory 36, describe in detail your relationship with

said person or party.

ANSWER:

40    Please identify any documents pertaining to said third parties and their relationship to you

ANSWER:

24

SHERIFF OF BROWARD COUNTY,
FLORIDA

By: _____

      Name:
      Title:

STATE OF FLORIDA
COUNTY OF BROWARD

    The foregoing instrument was acknowledged before me on this _____ day of _____,
2001 by _____ on behalf of the Sheriff of Broward County, as
_____ of the Sheriff of Broward County, and who produced
_____ as identification or who is personally known by me and who (did / did
not) take an oath.

_____
NOTARY PUBLIC
Printed Name_____
My commission expires:

25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                                    CASE NO. 00-6104-CIV-ZLOCH

       Plaintiff,                              MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

       Defendant.
_____/

## **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests

that Defendant produce the following documents and tangible things for inspection and/or copying

at the office of counsel for Plaintiff within thirty (30) days of service of these requests, or at such

other time as ordered by the Court.

## **INSTRUCTIONS**

(a)    Each Request set forth herein refers to documents in the custody, control, and

possession of Defendant or known to Defendant, as well as in the custody, control, and possession

of or known to Defendant's counsel, representatives, agents, servants, investigators, and consultants,

and unless otherwise privileged, their counsel, employees, representatives, agents, servants,

investigators and consultants.

(b)    With respect to any of the requested documents, if any such document is

unavailable, because it was lost or destroyed by Defendant or its agents, or for any other reason, after

fully identifying the document, state when and where it was destroyed or is otherwise unavailable,

the name and address of the person who destroyed it, the name and address of the person(s) who

directed, approved, or knew of its destruction, and the name and address of the person(s) who has knowledge of such document.

(c)     If there is a claim of privilege with respect to any document requested, please identify every such document in the response, and include in the identification a description of the document, the date of the document, the names of the addresses and addressees, the identity and address of every person to whom a copy was given or communicated, the general subject matter of the document, a statement of the facts constituting the basis for any claim of privilege, and the specific basis on which the privilege is claimed.

(d)     If you cannot produce documents for any other reason, respond to the extent possible, stating your reasons for your inability to respond in full.

(e)     These Requests shall be deemed continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Defendant obtains access, custody, possession or control of any document not previously produced, which is responsive to any of these Requests.

(f)     The headings used herein are for guidance and clarity only and should not be deemed to restrict or broaden any request.

(g)     All questions are as to the time frames from January 1st, 1997 to the present time unless otherwise stated.

## DEFINITIONS

As used herein, the words and phrases set out below shall have the following meaning or meanings prescribed for them.

A.     The words "you," "yours" and/or "yourselves" means the named defendant and any

jail officials, employees, supervisors, agents, representatives, or anyone acting for or on his behalf, or its behalf.

B.    "Communication" means any transmission or exchange of information between two or more persons or parties, orally or in writing, and includes, without limitation, any conversations or discussions, whether face to face or by means of any telephone, telegraph, facsimile machine, computer or other medium.

C.    "Documentation," is used in its broadest sense and meaning, by way of illustration and not by way of limitation, the following items, whether written, printed, recorded, reproduced by any mechanical process, produced by hand, or produced by or stored in a computer or any electronic manner, regardless of origin or location. Books, records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, electronic mail and inter-and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyzes, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries of records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phone-records, tape recordings, discs, wire recordings, transcripts or recordings, drawings, motion picture film, advertisements, press releases, drafts, marginal comments appearing on any such

documents, all other written or printed matter of any kind, or any other data compilations from which information can be obtained and translated if necessary. If a document exists in electronic form, either provide the hard copies of the documents or provide the following: The name, version, and release of the software used to create the document, access to the document, the operation system and hardware used, any passwords or description algorithms necessary to access the data or convert it into understandable form, and access to the hardware where this information is stored. To the extent documents that are electronically stored at any time are claimed to have been "erased" or otherwise removed, you shall so state. All requests, unless otherwise noted require production of documents created and/or existing from January 1, 1997 to present.

D. "Referring or relating to "refers or relates to". or "concerning" shall mean directly or indirectly evidencing, consisting of, reporting on, with respect to, showing or indicating knowledge of, pertaining to, being connected with, mentioning, describing. containing, disclosing, summarizing, reflecting, or constituting a stated subject matter or thing.

## ITEMS REQUESTED

1.   Produce all documents identified in your answers to interrogatories.

2.   Produce all documents related to the employment history, including any complaints made by inmates or co-employees, or disciplinary action taken of each person employed at the North Broward Detention Center at any time during the period from February 16, 1999 to February 26, 1999.

3.   Produce all documents related to the employment history, including any complaints made by inmates or co-employees, or disciplinary action taken of each person responsible for the provision of medical care to inmates at the North Broward Detention Center at any time during the period from January 1, 1997 to April 30, 1999.

4.    Produce all documents provided or used by employees of the North Broward Detention Center at any time during the period from January 1, 1997 to April 30, 1999 relating to the provision of medical care for any inmates with special medical needs such as the Plaintiff, who is a paraplegic, including any employee handbook, work rules, rules and regulations, or policies.

5.    Produce all documents maintained by the North Broward Detention Center recording requests for medical treatment made by inmates with special medical needs such as the Plaintiff, who is a paraplegic, during the period from January 1, 1997 to April 30, 1999.

6.    Produce all documents maintained by the North Broward Detention Center recording requests for medical treatment made by the Plaintiff, during the period from February 16, 1999 to February 26, 1999.

7.    Produce all documents pertaining to any third party responsible for providing medical care to the inmates at the North Broward Detention Center, including any complaints made by inmates or co-employees, or disciplinary action taken of each third party and/or person responsible for the provision of medical care to inmates at the North Broward Detention Center at any time during the period from January 1, 1997 to April 30, 1999.

8.    Produce all documents pertaining to any third party responsible for providing medical care to the inmates at the North Broward Detention Center and your relationship to them, including but not limited to any contracts, agreements, licenses, indemnity agreements, insurance agreements, etc.

9    Produce all documents pertaining to any third parties you allege are liable for any of

the damages suffered by the Plaintiff as alleged in his complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by hand

delivery to Alan C. Anchell, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A.,

Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, FL 33303-0340

this ___/ 5th day of January, 2001.

HIGH, STACK, PALAHACH
& CRUANES
2655 LeJeune Road Suite 1108
Coral Gables, Florida 33134
Telephone: (305) 443-8329

By: _____
    Carlos Cruanes
    Florida Bar No.0121940

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                                    CASE NO.: 00-6104-CIV-ZLOCH

        Plaintiff,                               MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

        Defendant.
_____/

**DEFENDANT, SHERIFF OF BROWARD COUNTY, FLORIDA'S
NOTICE OF FILING UN-EXECUTED RESPONSES TO PLAINTIFF'S
INTERROGATORIES DATED JANUARY 18, 2001**

THE UNDERSIGNED HEREBY CERTIFIES that this original Certificate of Mailing for

Interrogatories to Defendant, SHERIFF OF BROWARD COUNTY, propounded by Plaintiff,

SCOTT EARLEY, was served by mail along with the original Interrogatories and answers

thereto on this 5th day of March, 2001 to: CARLOS CRUANES,, ESQUIRE, HIGH,

STACK, PALAHACH & CRUANES, Attorneys for Plaintiff, 2655 LeJeune Road, Suite 1108

Coral Gables, Florida 33134

                                BUNNELL, WOULFE, KIRSCHBAUM,
                                KELLER, McINTYRE & GREGOIRE, P.A.
                                Attorneys for Defendants
                                888 East Las Olas Boulevard, Suite 400
                                Ft. Lauderdale, Florida 33301
                                Telephone: (954) 761-8600

                                BY: _____
                                    JODI C. PAGE
                                    Florida Bar No. 174629

## RESPONSES TO INTERROGATORIES

1.  Identify the person answering these interrogatories.

    **Mr. Larry Williams**
    **Broward County Sheriff's Office**
    **2601 West Broward Boulevard**
    **Fort Lauderdale, FL 33312**

2.  Please provide the name, address, telephone number, place of employment and job title of
    any person who has knowledge or information pertaining to any fact alleged in the
    pleading (as defined in Fed. R. Civ. P. 7(a)) filed in this action, or any fact underlying the
    subject matter of this action.

    **Objection, overbroad. Further, the information sought is irrelevant, and the**
    **request is outside the scope of information which may be requested in an**
    **interrogatory under the Local Rules of the Southern District of Florida, Rule**
    **26(G)(2). However, without waiving said objection, the following individuals**
    **may have knowledge of this incident:**
    **Deputy Pasmore**
    **Deputy Neely**
    **Deputy Yacobellis**
    **Deputy Rodriguez**
    **Deputy Brocce**
    **Yvonne Wilcher**
    **Nathalie Innocent**
    **Charlotte Hoback**
    **Joy Borut**
    **Margaret Celcis**
    **Erin Cody**
    **Maurice Waldman**
    **Margaret Kaye**
    **Marie Hall**
    **Janice O'Connor**
    **Linda Imhoff**
    **Shirley Wilkins**
    **Fred Laufer**
    **Jacqueline Graham**

3.  Please state the specific nature and substance of the knowledge that you believe the
    person(s) identified in your response to interrogatory no. 1 may have.

    **Please see the EMSA Correctional Care and Broward Sheriff's Office**
    **records produced in response to Plaintiff's Request for Production.**

2

4.  Identify all persons employed at the North Broward Detention Center at any time during the period from February 16, 1999 to February 26, 1999.

> **Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is irrelevant, and the request is outside the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2). However, without waiving said objection, all employees of the Defendant who had any contact with Scott Earley were listed in Defendant's response to Interrogatory #1.**

5.  For each person listed in interrogatory 4, state his or her job title, duties, and responsibilities.

> **Please see response to Interrogatory #4 above.**

6.  For each person listed in interrogatory 4, describe the training, experience each had in order to perform the duties of the position.

> **Please see response to Interrogatory #4 above.**

7.  For each person listed in interrogatory 4, identify any document describing his or her employment history, including any complaints made by inmates or co-employees, or disciplinary action taken against each.

> **Please see response to Interrogatory #4 above.**

8.  Identify all persons responsible for the provision of medical care to inmates at the North Broward Detention Center from January 1997 to April 1999.

> **Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving said objection, please see response to interrogatory #4 above.**

9.  For each person listed in interrogatory 8, describe the training, experience each had in order to perform the duties of the position.

> **Please see response to Interrogatory #8 above.**

10. For each person listed in interrogatory 8, identify any document describing his or her employment history, including any complaints made by inmates or co-employees, or disciplinary action taken against each.

> **Please see response to Interrogatory #8 above.**

3

11.    Identify all persons at the North Broward Detention Center from January 1997 to April 1999 with special training or education in the treatment of inmates with special medical needs such as those of Plaintiff who is a paraplegic.

> **Please see response to Interrogatory #8 above.**

12.    For each person listed in interrogatory 11, describe in detail the nature of the special training or education in the treatment of inmates with special medical needs such as those of the Plaintiff, who is a paraplegic.

> **Please see response to Interrogatory #8 above.**

13.    Describe the policy or procedure in effect at the North Broward Detention Center from January 1997 to April 1999 regarding the provision of medical care and treatment to inmates with special needs such as the Plaintiff, who is a paraplegic.

> **Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2).**

14.    Describe the measures taken to insure the adherence to the policy or procedure in effect at the North Broward Detention Center from January 1997 to April 1999 regarding the provision of medical care and treatment to inmates with special needs such as the Plaintiff, who is a paraplegic.

> **Please see response to Interrogatory #14 above.**

15.    Describe the special measures taken at the North Broward Detention Center during the period from January 1997 to April 1999 in order to provide the necessary medical care for any inmates with special medical needs such as the Plaintiff, who is a paraplegic.

> **Please see response to Interrogatory #14 above.**

16.    Describe the facilities at the North Broward Detention Center during the period from January 1997 to April 1999 able to provide the necessary medical care for any inmates with special medical needs such as the Plaintiff, who is a paraplegic.

> **Please see response to Interrogatory #14 above.**

17.    Identify any documents provided or used by employees of the North Broward Detention Center at any time during the period from January 1997 to April 1999 relating to the provision of medical care for any inmates with special medical needs such as the Plaintiff, who is a paraplegic, including any employee handbook, work rules, rules and regulation, or policies.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

> Objection, overbroad. However, without waiving said objection, the Defendant has attached a copy of the Table of Contents from the policy and procedure manual applicable to the medical staff at the North Broward Detention Center that was effect during Scott Earley's incarceration.

18. Under the policy or procedures described in interrogatory 13, did any medical care provider visit the detention center to examine or treat inmates with special needs such as the Plaintiff, who is a paraplegic, on a regularly scheduled basis?

> Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2).

19. What was the number of requests for medical treatment made by inmates with special medical needs such as the Plaintiff, who is a paraplegic, during the period from January 1997 to April 1999?

> Please see response to Interrogatory #18 above.

20. What was the number of requests for medical treatment made by the Plaintiff during the period from February 16, 1999 to February 26, 1999?

> Objection, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2). However, without waiving said objection this information is not within the personal knowledge of the Defendant.

21. How many times did the Plaintiff receive medical treatment during the period from February 16, 1999 to February 26, 1999?

> Objection, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2). However, without waiving said objection please see the medical chart of Scott Earley.

22. Describe the exact nature of any medical care rendered to the Plaintiff.

> Objection, overbroad, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2). However, without waiving said objection please see the medical chart of Scott Earley.

5

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

23.    Describe the dates when said medical care was rendered to the Plaintiff.

**Please see response to Interrogatory #22 above.**

24.    Identify all persons whom Plaintiff contacted to request medical treatment.

**Please see response to Interrogatory #20 above.**

25.    Describe the action taken by this person or persons in response to Plaintiff's request for medical treatment.

**Please see response to Interrogatory #22 above.**

26.    Identify all persons who rendered medical care to the Plaintiff, include the date of treatment and the exact nature of said treatment.

**Please see response to Interrogatory #22 above.**

27.    Does the North Broward Detention Center maintain any documents recording Plaintiff's requests for medical care?

**Please see response to Interrogatory #22 above.**

28.    If so, identify the documents.

**Please see response to Interrogatory #22 above.**

29.    Does the North Broward Detention Center maintain any documents recording the medical care rendered to Plaintiff?

**Please see response to Interrogatory #22 above.**

30.    If so, identify the documents.

**Please see response to Interrogatory #22 above.**

31.    Identify any third party responsible for providing medical care to the inmates at the North Broward Detention Center.

**Objection, overbroad, vague. Further, the information sought is beyond the scope of information which may be requested in an interrogatory under the Local Rules of the Southern District of Florida, Rule 26.1(G)(2).**

32.    For each person or party listed in interrogatory 31, please provide their name, address,

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

telephone number, place of employment and job title.

**Please see response to Interrogatory #31 above.**

33.   For each person or party listed in interrogatory 31, describe in detail the nature of the
      person or party's responsibilities or duties in relation to the inmates as North Broward
      Detention Center.

**Please see response to Interrogatory #31 above.**

34.   For each person listed in interrogatory 31, describe in detail your relationship with said
      person or party.

**Please see response to Interrogatory #31 above.**

35.   Please identify any documents pertaining to said third parties, and their relationship to
      you.

**Please see response to Interrogatory #31 above.**

36.   Identify any persons or parties whom you allege are liable for any of the damages
      suffered by the Plaintiff as alleged in his complaint.

**Please see response to Interrogatory #31 above.**

37.   For each person listed in interrogatory 36, please provide their name, address, telephone
      number, place of employment and job title.

**Please see response to Interrogatory #31 above.**

38.   For each person listed in interrogatory 36, describe in detail the nature of the person or
      party's responsibilities or duties in relation to the damages suffered by the Plaintiff as
      alleged in his complaint.

**Please see response to Interrogatory #31 above.**

39.   For each person or party listed in interrogatory 36, describe in detail your relationship
      with said person or party.

**Please see response to Interrogatory #31 above.**

40.   Please identify and documents pertaining to said third parties and their relationship to
      you.

**Please see response to Interrogatory #31 above.**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                                    CASE NO.: 00-6104-CIV-ZLOCH

     Plaintiff,                                   MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

     Defendant.

_____/

## DEFENDANT, SHERIFF OF BROWARD COUNTY' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DATED JANUARY 18, 2001

Defendant, SHERIFF OF BROWARD COUNTY, by and through its undersigned

counsel and pursuant to the Federal Rules of Civil Procedure, and the Local Rules of the

Southern District of Florida, hereby files its responses to Plaintiff's Request for Production dated

January 18, 2001 as follows:

1.    Produce all documents identified in your answers to interrogatories.

> **In response to this request, Defendant has attached a copy of the
> medical chart of Scott Earley for the period beginning on February
> 16, 1999 and ending on February 25, 1999. Defendant has also attached a
> copy of the Table of Contents of the policy and procedure manual which is
> applicable to the medical staff at the North Broward Detention Center.**

2.    Produce all documents related to the employment history, including any complaints made
by inmates or co-employees, or disciplinary action taken of each person employed at the
North Broward Detention Center at any time during the period from February 16, 1999 to
February 25, 1999.

> **Objection, overbroad in time and scope, not reasonably calculated to lead to
> the discovery of admissible evidence. Further, the information sought in this
> request is confidential and exempt from disclosure by virtue of Section
> 119.07, Florida Statutes (1999).**

3.      Produce all documents related to the employment history, including any complaints made
        by inmates or co-employees, or disciplinary action taken of each person responsible for
        the provision of medical care to inmates at the North Broward Detention Center at any
        time during the period from January 1, 1997 to April 30, 1999.

> **Objection, overbroad in time and scope, not reasonably calculated to lead to
> the discovery of admissible evidence. Further, the information sought in this
> request contains privileged peer review material.**

4.      Produce all documents provided or used by employees of the North Broward Detention
        Center at any time during the period from January 1, 1997 to April 30, 1999 relating to
        the provision of medical care for any inmates with special medical needs such as the
        Plaintiff, who is a paraplegic, including any employee handbook, work rules, rules and
        regulations, or policies.

> **Objection, overbroad in time and scope, not reasonably calculated to lead to
> the discovery of admissible evidence. However, without waiving said
> objection, we have attached a copy of the Table of Contents to the policy and
> procedure manual in effect during Scott Earley's incarceration which
> pertains to the rendering of medical care to inmates.**

5.      Produce all documents maintained by the North Broward Detention Center recording
        requests for medical treatment made by inmates with special medical needs such as the
        Plaintiff, who is a paraplegic, during the period from January 1, 1997 to April 30, 1999.

> **Objection, overbroad in time and scope. However, without waiving said
> objection, a copy of the Broward Sheriff's Office's records pertaining to
> Scott Earley and the medical chart of Scott Earley from the North Broward
> Detention Center, are attached.**

6.      Produce all documents maintained by the North Broward Detention Center recording
        requests for medical treatment made by Plaintiff, during the period from February 16,
        1999 to February 26, 1999.

> **See response to Request #5 above.**

7.      Produce all documents pertaining to any third party responsible for providing medical
        care to inmates at the North Broward Detention Center, including any complaint made by
        inmates or co-employees, or disciplinary action taken of each third party and/or person
        responsible for the provision of medical care to inmates at the North Broward Detention
        Center at any time during the period from January 1, 1997 to April 30, 1999.

> **Objection, overbroad as to time and scope. Further, any information
> regarding complaints or disciplinary action is privileged peer review
> information. However, without waiving said objection the contract between**

2

the Broward Sheriff's Office and EMSA Correctional Care, Inc. which was in effect in February of 1999 is attached.

8.    Produce all documents pertaining to any third party responsible for providing medical care to inmates at the North Broward Detention Center and your relationship to them, including but not limited to any contracts, agreements, licenses, indemnity agreements, insurance agreements, etc.

**Please see response to Request #7 above.**

9.    Produce all documents pertaining to any third parties you allege are liable for any of the damages suffered by the Plaintiff as alleged in his complaint.

**Objection, overbroad, vague. However, without waiving said objection, unknown at this time as this matter is only in the initial stages of discovery.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile transmission and U.S. Mail this ⸻ day of March, 2001 to **Carlos Cruanes, Esquire,** High, Stack, Palahach & Cruanes, Attorneys for Plaintiff, 2655 Lejune Road, Suite 1108, Coral Springs, Florida 33134.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, MCINTYRE & GREGOIRE, P.A.
*Attorneys for Defendants*
888 East Las Olas Boulevard, Suite 400
Fort Lauderdale, Florida 33301
Telephone: 954/761-8600
Facsimile: 954/463-6643

By: ⸻
JODI C. PAGE
Florida Bar No.: 174629

3