JCP/acw  
B83/50-358

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

CASE NO.: 00-6104-CIV-ZLOCH

Plaintiff,

MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,  
FLORIDA, and EMSA CORRECTIONAL  
CARE, INC.,

Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, EMSA CORRECTIONAL CARE, INC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendant, EMSA CORRECTIONAL CARE, INC., (hereinafter referred to as "EMSA") by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and case law, respectfully requests this Honorable Court to enter an Order of Dismissal of Plaintiff's Second Amended Complaint. In support of its motion, EMSA submits the following Memorandum of Law.

### FACTS

1. Plaintiff's Second Amended Complaint is attempting to allege a cause of action against EMSA for injuries that allegedly occurred as a result of its failure to give him appropriate medical care while he was an inmate at the Broward County Jail during his incarceration from February 16, 1999 through February 26, 1999, in Counts II and III of the Second Amended Complaint.

2. It is the Plaintiff's contention EMSA violated his Constitutional Rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States in Count II of the Second

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-860

41

Amended Complaint.

3.   The Plaintiff's allegations are conclusory in nature, and do not state a cause of action for a violation of the Fifth, Eighth. Ninth and/or Fourteenth Amendments.

## MEMORANDUM OF LAW

### I. The Second Amended Complaint fails to state a cause of action for relief under the Eighth Amendment through Title 42 U.S.C. 1983.

Dismissal is appropriate where this Court can safely and properly conclude with assurance that it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Stone Mountain Game Ranch, Inc. v Hunt*, 746 F.2d 761 (11th Cir. 1984); *Milburn v United States*, 734 F.2d 762, (11th Cir. 1984). The material facts alleged are insufficient to state a constitutional violation, even giving the Second Amended Complaint the liberal reading to which it is entitled. *Dickenson v Chief of Police*, 499 F.2d 336 (5th Cir. 1974)

In assessing Plaintiff's claim of constitutional violations under the Eighth Amendment of the United States Constitution, this Court must consider "the evolving standards of decency that market the progress of a maturing society." *Trop v Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed. 2d 630 (1958). However, cruel and unusual punishment as stated in the Eighth Amendment only consists of that punishment which involves "the unnecessary and wanton infliction of pain." *Gregg v Georgia*, 428 U.S. 153, 173, (1976). Deliberate indifference to serious medical needs of prisoners constitutes "the unnecessary and wanton infliction of pain." Id.

The legal conclusion of deliberate indifference must rest on facts clearly evidencing "wanton" actions on the parts of the Defendant. *Mowrey v Romero*, 749 F. Supp. 1097 (M.D. Fla. 1990). The Supreme Court has had cause to consider the common law meaning of "wanton"

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

2

in some detail:

> "Wanton means reckless -- without regard to the rights of others . . .wantonly means causelessly, without restrain, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril. Or under circumstances where he is charged with knowledge of such peril, and being conscious of the inevitable or probable results of such failure."

*Smith v. Wade*, 461 U.S. 30, 39-40, 193 S.Ct. 1625, 1632, 75 L.Ed. 2d. 632 (1983).

The indifference may be manifested by prison doctors in their response to the prisoner's needs. *Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L.Ed. 2d 271 (1976). However, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscious of mankind." *Estelle, supra.*

To state a valid claim of medical mistreatment under the Eighth Amendment, a prisoner must allege "acts or omissions sufficiently harmful to evidence the deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment." *Estelle, supra.* Mere negligence or malpractice does not violate the Eighth Amendment. *Estelle, supra.* Only medical care so inappropriate as to evidence intentional maltreatment or refusal to provide essential care violates the Eighth Amendment. *Green v. Carlson*, 581 F.2d 669 (7th Cir. 1978).

Mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim for cruel and unusual punishment. *Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980); *citing Bowring v. Godwin*, 551

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A . PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

3

F.2d 44 (4th Cir.); *Smart v. Villar,* 547 F.2d 112, 114 (10th Cir.). Further, in order to state a cause of action, the inmate must establish that there was deliberate indifference to his serious medical needs. The Courts have defined a medical need as serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Laaman v. Helgemoe,* 437 F.Supp 269 (D.N.H.); *See also West v. Keve,* 571 F.2d 158 (3rd Cir.) Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended medical treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment. *Inmates v. Alleghany Cty. Jail v. Pierce,* 612 F.2d 754 (3d Cir.); *Todaro v. Ward,* 565 F.2d 48 (2d Cir.)

Here, Plaintiff alleges in Count II of the Second Amended Complaint, that he is a paraplegic who requires care related to his special needs. Plaintiff admits that he was provided with some medical care, however, he disagrees with the method and manner of the medical care which was rendered to him while in the jail facility. Therefore, the allegations of Plaintiff's Second Amended Complaint do not rise to a level sufficient to meet the constitutional standard of deliberate indifference to a serious medical need.

While it is true that medical personnel may "opt for an easier and less efficacious treatment of the inmate's condition with deliberate indifference to the prisoner's serious medical needs". *Mammouth County Correctional Institution Inmates v. Lanzaro,* 834 F.2d 326 (3d Cir.); *Williams v. Vincent,* 506 F.2d 541 (2d Cir. 1974), it is also true that *Estelle* stands for the proposition that medical malpractice alone does not arise to a level of cause of action under §1983. *Estelle* at 105-106. Moreover, the Court may not substitute its own judgment for diagnosis and treatment decisions made by prison medical staff members. *Inmates of Alleghany County Jail v. Pierce,* 612 F.2d 754 (3d. Cir. 1979). Consequently, Plaintiff's claim of

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

4

disagreeing with the decisions relating to the treatment of his condition that were made by the EMSA employees, is meritless under the Eighth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Defendant, EMSA respectfully requests that this Court dismiss Count II of Plaintiff's Second Amended Complaint against it where the Plaintiff fails to state a cause of action for a violation of the Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.

## II.     Plaintiff's allegations are vague and conclusory.

In order to state a claim for relief under the Eighth or Fourteenth Amendment, Plaintiff must allege that the Defendant deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States, and that the Defendant acted under color of state law. *Whitehorn v Harrelson,* 758 F.2d 1416, 1419 (11th Cir. 1985) Among the many constitutional guarantees whose violation state a cause of action under § 1983 are the protections of the First, Eighth, and Fourteenth Amendments.

It is now well-settled that "[i]n civil rights actions more than mere conclusory notice pleading is required . . .[A] Complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory . . ." *See Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984). (Citations omitted). Furthermore, civil rights actions require an affirmative causal connection between the defendant and the deprivation of constitutional rights. *See E.G. Williams v. Bennett,* 689 F.2d 1370 (11th Cir. 1982), and *McLaughlin v City of Lagrande,* 662 F.2d 1385 (11th Cir. 1981). Plaintiff makes allegations about the insufficiency of the medical treatment and due process afforded him, but he does not demonstrate within the Second Amended Complaint how this deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

5

WHEREFORE, EMSA respectfully requests this Court to dismiss Count II of the Second Amended Complaint against it for the Plaintiff's failure to state a cause of action for violation of the Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution.

**IV    The allegations in Count III of Plaintiff's Second Amended Complaint amount to a claim for state law medical malpractice and should be dismissed for Plaintiff's failure to comply with Chapter 766.**

Plaintiff's Count III of Second Amended Complaint allege that EMSA had a duty, as a health care provider, to provide Plaintiff with a certain level of medical care while he was incarcerated at the Broward County Jail. Plaintiff then alleges EMSA fell below the standard of care in its failure to properly diagnose and treat his medical condition. In essence, Plaintiff has alleged a claim for medical negligence against the health care providers named in his Second Amended Complaint in Count III. Florida Courts have held that the Chapter 766 pre-suit notice and screening requirements are a condition precedent to filing a medical malpractice action. Failure to comply with the pre-suit requirements will result in the dismissal of the claim. *Ingersoll v. Hoffman,* 589 So.2d 223 (Fla. 1991); *The Hospital Corporation of America v. Lindberg,* 571 So.2d 446 (Fla. 1990).

Pursuant to Florida Statute §766.106, prior to the issuance of a notice of intent to initiate litigation for medical malpractice litigation, the claimant is required to conduct an investigation to ascertain whether there are reasonable grounds to claim that there was medical negligence by the defendant. Furthermore, Florida Statute §766.203(2)(b) provides that corroboration of reasonable grounds to initiate litigation for medical malpractice must be supported by the submission of a verified medical expert opinion, and provides in pertinent part:

> "Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified medical

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

6

> expert opinion from a medical expert as defined in
> §766.202(5), at the time the notice of intent to
> initiate litigation is mailed. The statement shall
> corroborate reasonable grounds to support the claim
> of medical negligence." *Florida Statutes*
> *§766.203(2).*

Pursuant to the language of §766.202(5) a medical expert is defined as a:

> "person duly and regularly engaged in the practice
> of his profession who holds a healthcare profession
> degree from a university or college and has had
> special professional training and experience or one
> possessed of special healthcare knowledge or skill
> about the subject upon which he is called to testify
> or provide an opinion." *Florida Statutes*
> *§766.202(5).*

Here, Plaintiff has not conducted a pre-suit investigation, and has not otherwise placed this Defendant on notice of his claims of medical negligence asserted against this Defendant and has failed to allege compliance with Chapter 766 because he has not complied. Further, Plaintiff has failed to submit a corroborating expert affidavit in support of his allegations and the vital aspect to complying with conditions precedent to filing a lawsuit.

The courts have treated the corroborating medical expert opinion requirement as seriously as the requirement that the claimant conduct an investigation prior to issuing his notice of intent. In fact, The Supreme Court in *Ingersoll v. Hoffman*, 589 So.2d 223, 324 (Fla. 1991) determined that:

> "The presuit and screening requirements of §768.57
> represent more than mere technicalities. The
> legislature has established a comprehensive
> procedure designed to facilitate the amicable
> resolution of medical malpractice claims. To
> suggest that the requirements of the statute may be
> easily circumvented would thwart the legislative
> will."

Consistent with the reasoning of the Supreme Court in *Ingersoll*, the First District Court

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

7

of Appeal in *Duffy v. Brooker*, 624 So.2d 267 (1st DCA 1993), determined that the "corroboration" called for under §766.203(2) and (3) cannot merely be a conclusory statement that the care and treatment was negligent. Specifically, the court concluded that §766.203 requires that the medical expert's corroborating statement contain "additional or supplemental information that strengthens the conclusions offered by the medical expert." *Id.* at 545. The court held that:

> "In order to comply with the spirit and intent of the statute, to promote "fruitful negotiations" as noted in *Dressler v. Boca Raton Community Hospital*, 566 So.2d 571 (4th DCA 1990), the notice of intent to initiate litigation and the corroborating medical expert opinion, taken together, must sufficiently indicate the manner in which the defendant doctor allegedly deviated from the standard of care, and must provide adequate information for the defendant to evaluate the merits of the claim." *Id.*

Plaintiff has failed to submit any expert affidavit in support of his claims of medical negligence. Therefore, Count III of Plaintiff's Second Amended Complaint should be dismissed for failure to state a cause of action for failure to comply with conditions precedent.

**V.    The allegations in Count III of Plaintiff's Second Amended Complaint amount to a state law claim for medical malpractice and must be dismissed due to the expiration of the statute of limitations for medical malpractice actions.**

Count III of Plaintiff's Second Amended Complaint allege a cause of action against EMSA based upon its alleged failure to properly care for and treat Plaintiff's medical condition during his incarceration at the Broward County Jail from February 16, 1999 through February 26, 1999.

Florida Statute §95.11(4)(b) provides that:

> An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered,

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A. · PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

8

> or should have been discovered with the exercise of
> due diligence; <u>however, in no event shall the action
> be commenced later than four years from the date of
> the incident or occurrence out of which the cause of
> action accrued</u>." *Florida Statutes §95.11(4)(b).*

According to Florida Statute §95.11(4), Plaintiff has two years, plus any tolling periods allowed by Chapter 766 in which to file his Complaint. Florida Statute §766.106 provides that "no suit may be filed for a period of 90 days after notice is mailed to any prospective defendant. *Florida Statute §766.106(3)(a).* It further provides that

> "The notice of intent to initiate litigation shall be
> served within the time limits set forth in Section
> 95.11. However, during the 90-day period, the
> statute of limitations is tolled as to all potential
> defendants. Upon stipulation by the parties, the 90-
> day period may be extended and the statute of
> limitations is tolled during any such extension.
> Upon receiving notice of termination of
> negotiations in an extended period, the claimant
> shall have 60 days or the remainder of the period of
> the statute of limitations, whichever is greater, in
> which to file suit." *Florida Statute §766.106(4).*

Pursuant to the language of *Hankey v. Yarian,* 755 So.2d 93 (Fla. 2000) the two year statute of limitations is suspended during the 90-day pre-suit period, and is also suspended during any extension of the pre-suit period of time. *Hankey at 95.* Here, Plaintiff has failed to issue a Notice of Intent regarding his claim of medical malpractice against EMSA, and, therefore, there have been no tolling period which would extend the statute of limitations beyond the two years. Therefore, the statute of limitations in this matter, and the time period in which Plaintiff had to issue a Notice of Intent in compliance with Chapter 766, would have expired on or about February 25, 1999. Plaintiff did not file his Motion to Amend his Complaint to add EMSA as a party to this matter until March 8, 2001.

WHEREFORE, Defendant, EMSA CORRECTIONAL CARE, INC., respectfully

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

9

requests this Court dismiss Count III of the Second Amended Complaint against it for the Plaintiff's failure to state a cause of action for medical malpractice due to Plaintiff's failure to comply with conditions precedent to bringing a cause of action for medical malpractice, and for Plaintiff failure to file his Complaint against EMSA until after the statute of limitations for medical malpractice actions had expired.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing Motion to Dismiss was mailed this \7 day of April, 2001 to: **CARLOS CRUANES, ESQUIRE**, HIGH, STACK, PALAHACH & CRUANES, Attorney for Plaintiff, 2655 LeJeune Road, Suite 1108, Coral Gables, Florida 33134.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> *Attorneys for EMSA Correctional Care, Inc.*
> 888 East Las Olas Boulevard, 4th Floor
> Fort Lauderdale, Florida 33301
> (954) 761-8600
> Facsimile (954) 463-6643
>
> By: _____
> JODI C. PAGE
> Florida Bar No. 174629

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., P.O. DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

10