UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                          CASE NO. 00-6104-CIV-ZLOCH

     Plaintiff,                       MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

     Defendant.
_____/

### PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, SHERIFF OF BROWARD COUNTY'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, SCOTT EARLEY (hereinafter Earley), Federal Rules of Civil Procedure, files his Response and Memorandum of Law in Opposition to Defendant SHERIFF OF BROWARD COUNTY, FLORIDA'S (hereinafter "Sheriff"), Motion to Dismiss and Memorandum of Law in Support, and states:

### I. RESPONSE

1. On March 28, 2001, this Honorable Court entered it's Order granting Plaintiff's Motion for Leave to Amend his Complaint to add another Defendant, EMSA Correctional Care, Inc.

2. Said Amended Complaint did not add, change or modify any of the allegations against the Sheriff which had been made in the initial Complaint, but merely added a count against EMSA.

1

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

3. Defendant Sheriff had answered said previous Complaint on June 2, 2000.

4. Subsequently, Defendant Sheriff filed it's Motion for Summary Judgement on October 27, 2000, which this Court eventually deemed moot in it's March 28, 2001 Order.

5. Defendant Sheriff, on April 9, 2001, filed it's Motion to Dismiss.

6. Defendant Sheriff's Motion to Dismiss is an almost verbatim reiteration of it's previously filed Motion for Summary Judgement.

7. Accordingly, although Plaintiff believes Defendant Sheriff's motion inappropriate, a waste of judicial resources, and filed solely for purposes of delay, he is obligated to respond as follows.

8. Plaintiff's Complaint adequately alleges the violations of Earley's Constitutional rights pursuant to 42 U.S.C. § 1983, therefore stating a cognizable cause of action, rendering a motion to dismiss, inapplicable.

9. Plaintiff has adequately alleged that the Sheriff acted with deliberate indifference towards him, in violation of his Constitutional rights pursuant to the Eighth Amendment.

10. Plaintiff has adequately alleged that the Sheriff acted with the requisite intent to deprive Earley of his necessary medical attention as a form of punishment in

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

violation of his Constitutional due process rights.

11. Plaintiff has adequately alleged that the Ninth Amendment is applicable to this case.

12. Plaintiff has adequately alleged that the Sheriff is the proper party in this matter, and is subject to suit.

## II. STANDARD OF REVIEW

For purposes of a Rule 12(b)(6) motion, all well-pled allegations are presumed true, all doubts and inferences are resolved in the pleader's favor, and the pleading is viewed in the light most favorable to the pleader. *Albright v. Oliver*, 510 U.S. 266, 114 S.CT. 807, 810, 127 L.Ed.2d 114 (U.S.1994). In their liberality, the Rules construct a powerful presumption against dismissing pleadings for failure to state a cognizable claim for relief. *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir.1995). Thus, a dismissal for failing to state a claim is disfavored, and not granted routinely in view of the Rules' "notice pleading" requirements. *Rothner v. City of Chicago*, 929 F.2d 297 (7th Cir. 1991).

## III. MEMORANDUM OF LAW

### A. The Sheriff's Grounds for Motion to Dismiss are inappropriate

The Sheriff, in support of its Motion to Dismiss, attempts to have this Court dismiss Plaintiff's Second Amended Complaint, based apparently on an alleged failure

3

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

by the Plaintiff to "make the requisite allegations to state an Eighth Amendment violation..."[1] It is axiomatic that Fed.R.Civ.P., Rule 8 requires only a "notice" pleading standard. It is not necessary to plead any facts. *See, e.g., Palmer v. Board of Education of Community Unit School District 201-U*, 46 F.3d 682, 688 (7th Cir.1995). Nor do the pleadings even need to identify any particular legal theory under which recovery is sought. *See, e.g., Crull v. GEM Insurance Co.*, 58 F.3d 1386 (9th Cir.1995). Under the Federal Rules, the purpose of pleading is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," not to state in detail the facts underlying a complaint. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957); *see Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C.Cir.1983). The Federal Rules establish a regime in which "simplified" pleadings provide notice of the nature of claims, allowing parties later "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues" through "the liberal opportunity for discovery and other pretrial procedures established by the Rules." *Conley*, 355 U.S. at 47-48 & n. 9, 78 S.Ct. at 102-03 & n. 9. A complaint, in other words, need not allege all that a plaintiff must eventually prove. *Atchinson v. District of Columbia*, 73 F.3d 418, 421-422

---

[1] Motion for Summary Judgment and Memorandum of Law in Support (hereinafter "Sheriff's Motion"), pg. 5, ¶2

4

(D.C.Cir.1996).

A review of the Plaintiff's Complaint demonstrates that he has in fact properly and adequately alleged his claim for deprivation of his Constitutional rights pursuant to § 1983, and the applicable amendments.

### 1. Eighth Amendment

To establish a claim for denial of medical care, a prisoner needs to prove that officials showed deliberate indifference to his or her serious medical needs. *Estelle v. Gamble*, 439 U.S. 97 (1976). The primary case on this issue is the Supreme Court's decision in *Estelle v. Gamble*, 439 U.S. 97 (1976). *Estelle* is cited by almost every case discussing prisoners and medical treatment, and is in fact cited by the Sheriff in its Motion to Dismiss.

*Estelle* sets the standards as far as medical treatment to prisoners within the context of the Eighth Amendment. In *Estelle*, the Supreme Court explained its rational behind the standards when it stated that:

> the government has an obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met... [T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "it is but just that the public be required to care for the prisoner, who cannot by reason of the

5

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

deprivation of his liberty, care for himself." Id. at 103-104.

Defendant Sheriff argues in its Motion that a plaintiff must show an "unnecessary and wanton infliction of pain."[2] The Supreme Court in *Estelle* declared that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eight Amendment. Id. at 104. The Eleventh Circuit has consistently held that knowledge of a need for medical care and intentional refusal to provide that care constitutes deliberate indifference. Cite to *Carswell v. Bay County*, 854 F.2d 454 (11th Cir. 1988).

As such, Earley must allege that the Sheriff knew of his need for medical care, and that it intentionally refused to provide that care. Contrary to the Sheriff's contention in its Motion, Earley properly alleged that the Sheriff knew of his serious medical condition,[3] and of the minimal efforts it would take to satisfy his needs,[4] and that these needs were intentionally ignored.[5] More than just mere allegations, these contentions are borne out by evidence that is already in the record.

In *Weeks v. Chaboudy*, 985 F.2d 185 (6th Cir. 1993), a case which dealt with a

---

[2] Memorandum of Law in Support of Defendant, Sheriff of Broward County's Motion to Dismiss (hereinafter "Sheriff's Memorandum"), pg. 2, ¶4.

[3] Second Amended Complaint, ¶7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17.

[4] Second Amended Complaint, ¶ 9, 10, 11, 12, 13, 14, 15, 16, and 17.

[5] Second Amended Complaint, ¶10, 11, 12, 13, 15, 16, and 17.

6

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

paralyzed prisoner, deliberate indifference was found on facts much less compelling then those in the case at bar. In *Weeks*, the prison doctor knew of the prisoner's paraplegia, knew that wheelchair's were not permitted in the cellblock, but refused to admit the prisoner to the infirmary where the wheelchair could be used. Additionally, the prisoner was not bathed or given a hospital mattress for days. The court found that the doctor had violated the eight amendment. In the case at bar, the detention center staff clearly knew of Earley's condition and special needs, being informed repeatedly, yet intentionally refused to provide Earley with treatment. They did not provide him with his medications;[6] did not allow him to catherize as needed;[7] did not allow him to use his own tube, but gave him a catheter tube which was too large and unlubricated;[8] did not provide him with the air mattress he requires for his decubitus ulcers;[9] did not bath him and left him lying in his own feces.[10]

The knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate

---

[6]Earley Deposition, pg. 35, lines 9-17.

[7]Earley Deposition, pg. 25.

[8]Earley Deposition, pg. 35, lines 18-25.

[9]Earley Deposition, pg. 36, lines 1-7.

[10]Earley Deposition, pg. 38, lines 6-11.

7

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

indifference. *See Robinson v. Moreland*, 655 F.2d 887 (8th Cir.1981). *In Ramos v. Lam*, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Not only has Earley more than adequately pled his cause of action, the facts in the record cited above indicate that Earley has in fact, demonstrated deliberate indifference on the part of the Sheriff.

## 2. Due Process

The Sheriff argues that Earley's claims for deprivation of his constitutional due process rights are insufficient because the Complaint sounds solely in negligence which does not constitute the requisite intent.[11] However, Earley has not only clearly demonstrated ample evidence to establish deliberate indifference, but also that his constitutional due process rights were violated and that he was deprived of his "liberty" interest in freedom from bodily injury, see *Ingraham v. Wright*, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977). The facts in the record cited above show that when Earley complained to the prison officials of his needs for medical care and the lack of said care,[12] he was brought up for disciplinary proceedings, written up pursuant to the Sheriff's procedures, and deliberately placed in solitary confinement without medical treatment as punishment for his alleged

---

[11] Sheriff's Memorandum, pg. 5.

[12] Earley Deposition, pg. 35, lines 9-17.

8

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

transgressions.[13]

Because context is important, whether an official's actions shock the conscience is analyzed along a "culpability spectrum." *County of Sacremento v. Lewis*, 523 U.S. 833, at 849, 118 S.Ct. 1708, 118 S.Ct. at 1718. As the Sheriff correctly states, negligence is "categorically beneath the threshold" and will never qualify as conscience shocking. *Lewis*, 523 U.S. 833. The spectrum begins above that level, and in "some circumstances conduct that is deliberately indifferent will shock the conscience." *Nicini v. Morra*, 212 F.3d 798, 810 (3d Cir.2000). But in other circumstances, a higher degree of culpability will be required. The two ends of the culpability spectrum, in terms of both law and fact, can be defined as follows: "deliberate indifference" when deliberation is "practical" and "purpose to cause harm" when instantaneous decisions and immediate judgments are required. *Leddy v. Township of Lower Merion*, 114 F.Supp.2d 372 (E.D.Pa. Sep 22, 2000). This is true, at least in part, because "[a]s the very term 'deliberate indifference' implies, the standard is sensibly employed only when actual deliberation is practical." *Lewis* at 849, 118 S.Ct. at 1718. In the case at bar, the deprivation of medical treatment was meted out as a deliberate form of punishment in unhurried conditions, which constitutes sufficient evidence of the requisite intent for a claim of due process violation, precluding the

---

[13] Answers to Interrogatories, numbers 23.

9

entry of summary judgment.

### 3. Ninth Amendment

The ninth amendment to the Constitution provides: "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." To the extent that the Bill of Rights is applicable to the States under the Fourteenth Amendment, the principles embodied in the Ninth Amendment are applicable as well. *Massachusetts v. Upton*,

466 U.S. 727, at 738, (concurring opinion). In adopting the Ninth Amendment, the states recognized that the people possess "fundamental rights" not explicitly set forth in the Bill of Rights and that those fundamental rights are enforceable under the due process clause of the fourteenth amendment, *see, e.g., Griswold v. Connecticut*, 381 U.S. 479, 484, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965). As such, Earley is merely attempting to preserve his constitutional rights not specifically enumerated.

### 4. Respondeat Superior

The Sheriff maintains that Plaintiff's Second Amended Complaint should be dismissed because "Earley does not allege that the Sheriff instituted procedures that were violative of Earley's constitutional rights or was personally aware of any practices that did so."[14] A government agency is liable "when execution of a

---

[14]Sheriff's Memorandum, pg. 7.

10

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury..." *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). A prisoner may prove the custom or policy by showing a pattern of unconstitutional acts of low-level employees or the delegation or final policymaking authority from one official to another and the ratification of a subordinate's actions by a final policymaker. *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989). in *Mandel*, a prisoner brought a 1983 civil rights claim alleging he was injured by a physician assistant's deliberate indifference to his serious medical needs. The prisoner injured his leg while performing road side tasks and was denied x-rays and other treatment despite his repeated requests. In *Mandel*, the court found that the physician's assistant was a policymaker; therefore, it imposed liability upon the governmental agency.

As stated above, a complaint need not allege all that a plaintiff must eventually prove. *Atchinson v. District of Columbia*, 73 F.3d 418, 421-422 (D.C.Cir.1996). Earley has stated that the Sheriff, his agents and employees, had knowledge of his condition, had a duty to deliver said care, and breached said duty.[15] As such, it is apparent that Plaintiff has adequately alleged a cause of action.

### 5. Sovereign Immunity

---

[15]Second Amended Complaint, ¶17.

11

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

Defendant's contention as to the Sheriff's Eleventh Amendment Immunity is clearly erroneous. The Sheriff of Broward County is an independently elected, separate county constitutional officer, and an agency of the state, subject to suit. *Murphy v. Mack,* 358 So.2d 822 (Fla. 1978). The Sheriff of Broward County is the chief correctional officer of the Broward County Correctional System. Broward County Code, § 18-01. The chief correctional officer is responsible for the operation and maintenance of the county jails. §951.061, Fla. Stat. (1997). Included in the chief correctional officer's duties is the duty to furnish prisoners with medical attention in accordance with promulgated standards. See §951.061, Fla. Stat. (1997); See also *Feldman v. Brescher,* 561 So.2d 1271 (Fla. 4th DCA 1990); *Hospital Bd. of Directors of Lee County v. Drukis,* 426 So.2d 50 (Fla. 2nd DCA 1982); 1972 Op.Att'y.Gen.Fla. 075-194 (July 8, 1975).

As such, the Sheriff is the proper party in this matter.

### IV. CONCLUSION

For the reasons discussed fully above, Plaintiff has more than adequately pled the requisite allegations to state a cause of action. Accordingly, Defendant Sheriff's Motion to Dismiss is inappropriate and should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

furnished by U.S. mail to Jodi Page, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, FL 33303-0340 this _____ day of April, 2001.

HIGH, STACK, PALAHACH
& CRUANES
2655 LeJeune Road, Suite 1108
Coral Gables, Florida 33134
Telephone No. (305) 443-3329
Facsimile No. (305) 443-0850

By: _____
Carlos Cruanes
Florida Bar No.0121940

13