```
JCP/acw                    UNITED STATES DISTRICT COURT
B83/50-358                 SOUTHERN DISTRICT OF FLORIDA
```

SCOTT EARLEY,                               CASE NO.: 00-6104-CIV-ZLOCH

      Plaintiff,                            MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA, and EMSA CORRECTIONAL
CARE, INC.,

      Defendant.
_____/



## **DEFENDANT, SHERIFF OF BROWARD COUNTY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The Defendant, SHERIFF OF BROWARD COUNTY, (hereinafter referred to as "SHERIFF"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, hereby files its response to Plaintiff's Motion to Compel discovery responses, and would state as follows:

1. Plaintiff's Second Amended Complaint attempts to allege a cause of action against the SHERIFF pursuant to 42 U.S.C. §1983, for its alleged failure to provide Plaintiff with appropriate medical care and treatment during his incarceration from February 16, 1999 through February 26, 1999.

### **Interrogatories**

2. Plaintiff served forty (40) interrogatories and nine (9) Requests for Production on the SHERIFF on January 18, 2001.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

45

3. The SHERIFF provided complete responses to Plaintiff's Interrogatories which requested relevant information and objected to those requests which were inappropriately overbroad and vague, as prescribed by the Federal Rules of Civil Procedure, and which requested information outside the scope of knowledge of this Defendant. This Defendant's reasoning for its responses is more fully set forth below.

4. This Defendant provided a complete response, without objection, to Interrogatory #1.

5. Plaintiff's Interrogatory #2 requested the names, **addresses, telephone numbers,** place of employment and job title of any person who had knowledge of the events of this matter. The SHERIFF responded by objecting to Plaintiff's request for personal and private information of its employees, and then provided the names of all of the Sheriff's Deputies, and the names of all of the health care providers in the jail, who had any involvement with the care and treatment of this inmate. Each of the Sheriff's deputies were listed as "Deputy" and can be located through the SHERIFF'S office. Each of the medical health care providers are either employees or former employees of co-defendant, EMSA CORRECTIONAL CARE, INC., and this information is not in the possession of the SHERIFF.

6. Plaintiff's Interrogatory #3, requests the substance of the knowledge of the opinions of each of the individuals listed in Interrogatory #2. In response, the SHERIFF provided copies of its own records as well as the records of EMSA CORRECTIONAL CARE, INC., relating to this inmate. Each person who was involved with the care and treatment of this inmate, charted his involvement. Information regarding each person's knowledge can more readily be found in the records, or through deposition testimony, and to request this defendant to explain the substance of the knowledge of each witness, including persons whom are not his

employees or former employees, is burdensome and not appropriate method by which to obtain the information.

7. Plaintiff's Interrogatory #4, requests the SHERIFF to identify <u>all</u> persons employed at the North Broward Detention Center between February 16, 1999 and February 26, 1999. This interrogatory was objected to as overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. The SHERIFF has provided information regarding each and every one of its employees who had any involvement with the care and treatment of the Plaintiff. Any additional information is irrelevant, and beyond the scope of discovery in this matter.

8. Plaintiff's Interrogatories #5, 6, and 7 requests additional information regarding the above-referenced employees. These were each objected to on the basis of being overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Neither Interrogatory #4 or Interrogatories #5-7 limit their scope to this case, this inmate, or these facts, and, therefore are overbroad.

9. Plaintiff's Interrogatory #8 requests the SHERIFF provide information regarding all persons who provided medical care to inmates at the North Broward Detention Center from January 1997 through April 1999. This interrogatory was responded to in that all medical personnel who were involved with the care of Plaintiff were previously listed in response to Interrogatory #2. Beyond this, the medical staff were not the employees of the SHERIFF, this request is overbroad in time, scope, and substance. Plaintiff was only incarcerated from February 16, 1999 through February 26, 1999. Any persons providing medical care to inmates, other than Plaintiff, and not during the time Plaintiff was in custody, is irrelevant and irrational and not likely to lead to discovery or admissible evidence.

3

10. Plaintiff's Interrogatories #9 and 10 request additional information regarding the persons referenced in Interrogatory #8. These were each objected to on the basis of being overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Neither Interrogatory #8 or Interrogatories #9 and 10 limit their scope to this case, this inmate, or these facts, and, therefore are overbroad.

11. Plaintiff's Interrogatories #11-30 request information regarding the training of medical staff, medical policies and procedures, request for medical care by Plaintiff, and the rendering of medical care to Plaintiff. The SHERIFF provided the names of all persons within its knowledge who had any contact with this patient regarding medical care. The SHERIFF also provided to the Plaintiff a copy of the contract between itself and a third party, EMSA CORRECTIONAL CARE, INC., regarding the provision of medical services in the jail. These requests are overbroad in that they do not limit themselves to this inmate, this period of time, and to persons involved with the care and treatment of this patient. Further, this information is not within the first-hand knowledge of the SHERIFF as any medical records and requests for medical care are maintained by EMSA CORRECTIONAL CARE, INC., and not the SHERIFF. Further, the SHERIFF has provided Plaintiff with a complete copy of the EMSA CORRECTIONAL CARE, INC., records for this inmate, as well as a complete copy of its own records regarding this inmate. These requests were responded to appropriately, and were properly objected to on the grounds of being overbroad as to time, place, and circumstances, and outside the scope of information allowed to be sought pursuant to Local Rule 26.1(G)(2).

12. Interrogatory #31 requests the name of any third party responsible for providing medical care to inmates at the North Broward Detention Center. This was objected to however, a copy of the contract between the SHERIFF and EMSA CORRECTIONAL CARE, INC., was

4

provided to Plaintiff in response to his Requests for Production.

13.  Interrogatories #32-35 request additional information regarding the third party named in Interrogatory #31. The SHERIFF provided the names of all health care providers whom it had knowledge were involved with the care and treatment of Plaintiff, and provided all pertinent records. The remainder of the information requested by Plaintiff is not within the knowledge of the SHERIFF.

14.  Interrogatories #36-40 request information relating to third parties the SHERIFF contends are responsible for Plaintiff's injuries. This request was objected to, and it was noted that this matter is still in its initial discovery stages, and a complete response to this answer cannot be provided at this time.

### Requests for Production

15.  Plaintiff's Request for Production at paragraph #1 requested all documents identified in the SHERIFF'S interrogatory answers. The SHERIFF provided all documents, with the exception of its policy and procedure manual. In lieu of producing this voluminous document, the SHERIFF produced a copy of the Table of Contents of its policy and procedure manual and requested that Plaintiff specify which sections he would like. Plaintiff has not filed any request regarding this document.

16.  Request #2, asked for employment information regarding all employees at the North Broward Detention Center at any time from February 16, 1999 through February 26, 1999. This request is overbroad in that it is not limited to those employees involved with the care and treatment of this inmate, and burdensome due to the fact that it has no time constraints or factual allegation which would make it relevant to this action. Further, there is information contained within these employees files which is exempt from disclosure pursuant to Florida Statute

5

§119.07.

17. Request #3 is objected to on the same basis as Request #2, and, in addition, this request references medical staff at the facility who are not directly employed by the SHERIFF.

18. Request #4, requests the policy and procedure manual regarding medical care at the North Broward Detention Center. Despite the fact that this document is maintained and controlled by a third party, the SHERIFF provided a copy of the Table of Contents of this voluminous document as well, and requested Plaintiff inform the SHERIFF of the portions of this document which he would like.

19. Requests #5 and 6 were objected to, however, all documents responsive to these requests and in the control of the SHERIFF were provided.

20. Requests #7 and 8 requested information regarding third parties responsibility in this matter, and requested materials from January 1, 1997 through April 1, 1999. This was objected to on the basis of being overbroad as to time and scope, however, the contract in effect between the SHERIFF and EMSA during the period of time that Plaintiff was incarcerated, was provided to Plaintiff.

21. Request #9 requested all documents pertaining to any allegation that a third party was responsible for Plaintiff's alleged injuries. This Request was properly objected to on the basis of being overbroad and vague. However, without waiving its objection the SHERIFF answered this request by setting forth that the information requested was "unknown at this time as this matter is only in the initial stages of discovery."

### MEMORANDUM OF LAW

The Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida provide that a party served with discovery by another party, must respond within the time

6

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

period prescribed by law. A party may provide a substantive response to the other party's discovery request, or may phrase an objection to that discovery. *Rule 33(b)(1), Federal Rules of Civil Procedure; Local Rules of the Southern District, Rule 26.1(3)(a).* Further, pursuant to these same rules the Court has the discretion to limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative and can be more reasonable obtained from another source. The Court may also limit discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit. *Rule 26(b)(2), Federal Rules of Civil Procedure.*

Here, the SHERIFF raised appropriate objections to Plaintiff's Interrogatories and Requests for Production which requested information outside its personal knowledge, information far beyond the period of time relevant to this case or which didn't prescribe any time limitation in its request, information that had no similarity or connection to the facts and circumstances of this case, and which would be burdensome for this Defendant to provide a response. These objections are allowable and warranted pursuant to the Rules.

WHEREFORE, due to the fact that the SHERIFF provided complete responses to Plaintiff's Interrogatories which were not objectionable, provided responses to Interrogatories even where the requests were objectionable, provided all of the records in its possession even though some of Plaintiff's requests were objectionable, and made appropriate objections to Plaintiff discovery requests based upon the Federal Rules of Civil Procedure, and the Local Rules of the Southern District, the SHERIFF requests that Plaintiff's Motion to Compel Discovery be denied.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing Motion

7


to Dismiss was mailed this 23 day of April, 2001 to: **CARLOS CRUANES, ESQUIRE**,

HIGH, STACK, PALAHACH & CRUANES, Attorney for Plaintiff, 2655 LeJeune Road, Suite

1108, Coral Gables, Florida 33134.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> *Attorneys for Sheriff of Broward County*
> 888 East Las Olas Boulevard, 4th Floor
> Fort Lauderdale, Florida 33301
> (954) 761-8600
> Facsimile (954) 463-6643
>
> By: _____
>       JODI C. PAGE
>       Florida Bar No. 174629

8

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600