UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

CASE NO. 00-6104-CIV-ZLOCH

Plaintiff,

MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA, and EMSA CORRECTIONAL
CARE, INC., a Florida corporation,

Defendants.

_____/

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, EMSA CORRECTIONAL CARE, INC.'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, SCOTT EARLEY (hereinafter Earley), pursuant to the Federal Rules

of Civil Procedure, files his Response and Memorandum of Law in Opposition to

Defendant, EMSA CORRECTIONAL CARE, INC.'S (hereinafter "EMSA"), Motion

to Dismiss and Memorandum of Law in Support, and states:

## I. RESPONSE

1.     For purposes of a motion to dismiss, all well-pled allegations are

presumed true, all doubts and inferences are resolved in the pleader's favor, and the

pleading is viewed in the light most favorable to the pleader. Accordingly, Plaintiff's

allegations are more than sufficiently pled pursuant to the Federal Rules, thereby

rendering a motion to dismiss, inappropriate.

1



2.    Plaintiff's Complaint adequately alleges the violations by EMSA of Earley's Constitutional rights pursuant to 42 U.S.C. § 1983, therefore stating a cognizable cause of action, rendering a motion to dismiss, inappropriate.

3.    EMSA is contractually obligated to provide care for the Sheriff of Broward County's inmates, which is a function traditionally within the exclusive prerogative of the state. As such, EMSA is the functional equivalent of the Sheriff.

4.    Plaintiff has not alleged that EMSA is a health care provider, nor that it was negligent in his medical diagnosis, or medical treatment. Said Count was for simple negligence.

## II. STANDARD OF REVIEW

A Plaintiff's complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). For purposes of a Rule 12(b) (6) motion, all well-pled allegations are presumed true, all doubts and inferences are resolved in the pleader's favor, and the pleading is viewed in the light most favorable to the pleader. *Albright v. Oliver*, 510 U.S. 266, 114 S.CT. 807, 810, 127 L.Ed.2d 114 (U.S.1994). In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232 (M.D. Fla.1995). The threshold of

2

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.*, 769 F.2d 700, 703 (11th Cir. 1985).

## III. MEMORANDUM OF LAW

**1. Plaintiff's Complaint adequately alleges a cognizable cause of action against EMSA for the deprivation of Earley's Constitutional rights pursuant to 42 U.S.C. § 1983**

The Sheriff of Broward County, Florida is the chief correctional officer of the Broward County Correctional System. *Broward County Code, § 18-01.* The chief correctional officer is responsible for the operation and maintenance of the county jails. §951.061, Fla. Stat. (1997). Included in the chief correctional officer's duties is the duty to furnish prisoners with medical attention in accordance with promulgated standards. *See* §951.061, Fla. Stat. (1997); *See also Feldman v. Brescher*, 561 So.2d 1271 (Fla. 4th DCA 1990); *Hospital Bd. of Directors of Lee County v. Drukis*, 426 So.2d 50 (Fla. 2nd DCA 1982); *1972 Op.Att'y.Gen.Fla.* 075-194 (July 8, 1975). EMSA contracted with the Sheriff to assume the obligation of providing medical care and treatment to the inmates. When a private entity contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state. *Howell v. Evans*, 922 F.2d 712 (11th Cir. 1991). As such, where a function which is traditionally exclusively the prerogative of the state is

3

performed by a private entity, state action is present for purposes of 42 U.S.C.A.

§1983. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985).

To establish a claim for denial of medical care, a prisoner needs to prove that

officials showed deliberate indifference to his or her serious medical needs. *Estelle v.*

*Gamble*, 439 U.S. 97 (1976). The primary case on this issue is the Supreme Court's

decision in *Estelle v. Gamble*, 439 U.S. 97 (1976). *Estelle* sets the standards as far as

medical treatment to prisoners within the context of the Eighth Amendment. In

*Estelle*, the Supreme Court explained its rational behind the standards when it stated

that:

> the government has an obligation to provide medical care for those
> whom it is punishing by incarceration. An inmate must rely on prison
> authorities to treat his medical needs; if the authorities fail to do so,
> those needs will not be met... [T]he denial of medical care may result in
> pain and suffering which no one suggests would serve any penological
> purpose. The infliction of such unnecessary suffering is inconsistent with
> contemporary standards of decency as manifested in modern legislation
> codifying the common-law view that "it is but just that the public be
> required to care for the prisoner, who cannot by reason of the
> deprivation of his liberty, care for himself." Id. at 103-104.

EMSA argues in its Motion that a plaintiff must show an "unnecessary and

wanton infliction of pain."[1] The Supreme Court in *Estelle* declared that "deliberate

---

[1]Memorandum of Law in Support of Defendant, EMSA Correctional Care, Inc."s Motion
to Dismiss Plaintiff's Second Amended Complaint (hereinafter "EMSA's Memorandum"), pg. 2,
¶3.

4

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eight Amendment. *Id.* at 104. The Eleventh Circuit has consistently held that knowledge of a need for medical care and intentional refusal to provide that care constitutes deliberate indifference. *See Carswell v. Bay County*, 854 F.2d 454 (11th Cir. 1988). Furthermore, if necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out. *See Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir. 1984).

As such, Earley must allege that EMSA knew of his need for medical care, and that it intentionally refused to provide that care. Earley properly alleged that EMSA knew of his serious medical condition,[2] and of the minimal efforts it would take to satisfy his needs,[3] and that these needs were intentionally ignored.[4] More than just mere allegations, these contentions are borne out by evidence that is already in the record.

In *Weeks v. Chaboudy*, 985 F.2d 185 (6th Cir. 1993), a case which dealt with a paralyzed prisoner, deliberate indifference was found on facts much less compelling then those in the case at bar. In *Weeks*, the prison doctor knew of the prisoner's

---

[2]Second Amended Complaint, ¶23,24, 25, 26, 27, 28, 29, 30, 31, and 32.

[3]Second Amended Complaint, ¶7, 23, 24, 25.

[4]Second Amended Complaint, ¶25, 26, 27, 28, 29, 31, and 33

5

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

paraplegia, knew that wheelchairs were not permitted in the cellblock, but refused to admit the prisoner to the infirmary where the wheelchair could be used. Additionally, the prisoner was not bathed or given a hospital mattress for days. The court found that the doctor had violated the eighth amendment. In the case at bar, the detention center staff clearly knew of Earley's condition and special needs, being informed repeatedly, yet intentionally refused to provide Earley with treatment. They did not provide him with his medications;[5] did not allow him to catherize as needed;[6] did not allow him to use his own tube, but gave him a catheter tube which was too large and unlubricated;[7] did not provide him with the air mattress he requires for his decubitus ulcers;[8] did not bathe him and left him lying in his own feces.[9]

The knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference. *See Robinson v. Moreland,* 655 F.2d 887 (8th Cir.1981). *In Ramos v. Lam,* 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759,

---

[5]Earley Deposition, pg. 35, lines 9-17.

[6]Earley Deposition, pg. 25.

[7]Earley Deposition, pg. 35, lines 18-25.

[8]Earley Deposition, pg. 36, lines 1-7.

[9]Earley Deposition, pg. 38, lines 6-11.

6

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

68 L.Ed.2d 239 (1981). Not only has Earley more than adequately pled his cause of action, precluding dismissal, the facts in the record cited above indicate that Earley has in fact, demonstrated deliberate indifference on the part of EMSA.

## 2. Plaintiff's allegations are neither conclusory nor vague under the Federal Rules

It is axiomatic that Fed.R.Civ.P., Rule 8 requires only a "notice" pleading standard. It is not necessary to plead any facts. *See, e.g., Palmer v. Board of Education of Community Unit School District 201-U,* 46 F.3d 682, 688 (7th Cir.1995). Nor do the pleadings even need to identify any particular legal theory under which recovery is sought. *See, e.g., Crull v. GEM Insurance Co.,* 58 F.3d 1386 (9th Cir.1995). Under the Federal Rules, the purpose of pleading is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," not to state in detail the facts underlying a complaint. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957); *see Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir.1983). The Federal Rules establish a regime in which "simplified" pleadings provide notice of the nature of claims, allowing parties later "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues" through "the liberal opportunity for discovery and other pretrial procedures established by the Rules." *Conley,* 355 U.S. at 47-48 & n. 9, 78

7

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

S.Ct. at 102-03 & n. 9. A complaint, in other words, need not allege all that a
plaintiff must eventually prove. *Atchinson v. District of Columbia*, 73 F.3d 418, 421-422
(D.C.Cir.1996).

A review of the Plaintiff's Second Amended Complaint demonstrates that he
has in fact properly and adequately alleged all of his claims against Defendant,
EMSA.

**3. Plaintiff's Complaint does not allege a medical malpractice action, but
simple negligence on EMSA's behalf**

Contrary to Defendant EMSA's contentions, Plaintiff in his Second Amended
Complaint has not once alleged that EMSA is a health care provider, nor that it's
negligence resulted from faulty medical diagnosis, or medical treatment. What has
been alleged was that Earley was a paraplegic with special needs[10] that could be
accommodated with the simplest of care,[11] and that EMSA, who had contractually
obligated itself to perform these functions on behalf of the Sheriff, negligently failed
to do so.[12] It is granted that some of the functions were described as medical care in
the complaint, but given Earley's condition which renders him unable to care for

---

[10]Second Amended Complaint, ¶'s 6, 7.

[11]Second Amended Complaint, ¶'s 39.

[12]Second Amended Complaint, ¶'s 43, 44, 46 and 48.

8

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

himself at all, even the simplest and most basic of functions must be performed by someone else. For example, it is alleged that EMSA did not allow Earley to catherize as needed;[13] did not allow him to use his own tube, but gave him a catheter tube which was too large and unlubricated;[14] did not provide him with the air mattress he requires for his decubitus ulcers;[15] and did not bath him and left him lying in his own feces.[16] These are hardly medical diagnosis or treatment issues within the sole province and knowledge of a professional health care provider, wherein to determine negligence one must comply with the pre-suit requirements of Chapter 766. These are simple and basic human functions that could be provided by any layperson, and which any layperson, using their own common sense can determine whether it is negligent or not to fail to provide said care.

Lastly, even if Plaintiff had pled a cause for medical malpractice, which he did not, EMSA's contention that the statute of limitations has run is a specious argument. EMSA contracted with the Sheriff to provide services to inmates on his behalf, and is under a duty to indemnify the Sheriff for any liability arising from said

---

[13]Earley Deposition, pg. 25.

[14]Earley Deposition, pg. 35, lines 18-25.

[15]Earley Deposition, pg. 36, lines 1-7.

[16]Earley Deposition, pg. 38, lines 6-11.

9

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

functions. Accordingly, the Sheriff and EMSA are basically the same entity for recovery purposes and are represented by the same counsel in this matter. It was also said counsel that requested an extension of time of Plaintiff's counsel in which to respond to discovery propounded upon the Sheriff, which would have disclosed EMSA's existence. Plaintiff's counsel, unaware of EMSA's existence, granted the requested extension to respond to discovery from the due date of February 20, 2001, until March 2, 2001. On March 5, 2001, responses to discovery were finally filed by counsel, which for the first time disclosed EMSA's existence. Now Sheriff/EMSA's counsel complains that the amended complaint adding EMSA as a party wasn't filed until March 8, 2001, when the statute of limitations ran on February 26, 2001.

It is respectfully submitted that if the Court in fact deems this Count to be for medical malpractice, that relation back to the filing of the initial complaint against the Sheriff would be appropriate given the underlying circumstances discussed above.

## IV. CONCLUSION

For the reasons discussed fully above, Plaintiff has more than adequately pled the requisite allegations. Accordingly, Defendant EMSA's Motion to Dismiss is inappropriate and should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was

10

Scott Earley v. Sheriff of Broward County, et al.
Case No. 00-6104-CIV-ZLOCH

furnished by U.S. mail to Jodi Page, Esq., Bunnel, Woulfe, Kirschbaum, Keller,

Cohen & McIntyre, P.A., Attorneys for Defendants, Sheriff of Broward County,

Florida, and EMSA Correctional Care, Inc., 888 East Las Olas Boulevard, Suite 400,

Fort Lauderdale, FL 33303-0340 this _____ day of May, 2001.

HIGH, STACK, PALAHACH
& CRUANES
2655 LeJeune Road, Suite 1108
Coral Gables, Florida 33134
Telephone No. (305) 443-3329
Facsimile No. (305) 443-0850

By: _____
Carlos Cruanes
Florida Bar No.0121940

11