UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6104-CIV-ZLOCH

SCOTT EARLEY,

        Plaintiff,

vs.                                                **O R D E R**

SHERIFF OF BROWARD COUNTY,
FLORIDA, and EMSA CORRECTIONAL
CARE, INC.,

        Defendants.
_____/


FILED by _____ D.C.

MAY 29 2001

THIS MATTER is before the Court upon the Defendant, Sheriff of Broward County, Florida's Motion To Dismiss (DE 33). The Court has carefully reviewed the merits of said Motion and is otherwise fully advised in the premises.

The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.



The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory he relies on since the Court must determine if the allegations provide relief on any possible theory. See, Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967).

The Court further notes that the legal issues raised by the Defendant's aforementioned Motion To Dismiss may be more properly addressed in a Motion For Summary Judgment.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendant, Sheriff of Broward County, Florida's Motion To Dismiss (DE 33) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2001.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Carlos Cruanes, Esq.
For Plaintiff

Jodi C. Page, Esq.
For Defendants