UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6104-CIV-ZLOCH

FILED by _____ D.C.

MAY 29 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

SCOTT EARLEY,

    Plaintiff,

vs.

**FINAL ORDER OF DISMISSAL
AS TO COUNT III**

SHERIFF OF BROWARD COUNTY,
FLORIDA, and
EMSA CORRECTIONAL CARE, INC.,
a corporation

    Defendants.
_____/

THIS MATTER is before the Court sua sponte and upon the Second Amended Complaint (DE 24) filed herein by the Plaintiff, Scott Earley. The Court has carefully reviewed said Complaint and is otherwise fully advised in the premises.

In his Complaint, the Plaintiff has asserted claims pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and state law. The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331, as to the Plaintiff's federal claims, and 28 U.S.C. § 1367(a) as to the state law claim. 28 U.S.C. § 1367(a) provides that

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same



> case or controversy under Article III of the United
> States Constitution. Such supplemental jurisdiction
> shall include claims that involve the joinder or
> intervention of additional parties.

It is clear that this Court has original jurisdiction over the federal law claims asserted in Counts I and II pursuant to 28 U.S.C. § 1331. After reviewing the Plaintiff's Second Amended Complaint herein, the Court finds that the state claim against the Defendant, EMSA Correctional Care, Inc., as asserted in Count III is so related to the federal claims in the instant action that it forms part of the same case or controversy. 28 U.S.C. § 1367(a). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state claim in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formally well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). 28 U.S.C. § 1367 provides in pertinent part:

> The district courts may decline to exercise
> supplemental jurisdiction over a claim under
> subsection (a) if --
> (1) the claim raises a novel or complex issue of
> state law, [or]
> (2) the claim substantially predominates over the
> claim or claims over which the district court
> has original jurisdiction . . . .

2

Applying 28 U.S.C. § 1367(c)(1) and (2), the Court finds that supplemental jurisdiction should not be exercised over the state claim for negligence asserted in Count III of the Second Amended Complaint (DE 24) because that claim presents both novel and complex questions of state law which would also predominate over the federal claims present here.

The state claim asserted by the Plaintiff in Count III requires completely different elements of proof wholly separate and distinct from the federal claims at issue. The Court finds that such a state claim would tend to dominate the federal claims and obscure the significance of the federal claims. See Winn v. North American Philips Corp., 826 F.Supp. 1424, 1426 (S.D. Fla. 1993). Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and **DISMISS**, without prejudice, the claim set forth in Count III, as such a state law claim presents both novel and complex questions of state law which would also predominate over the federal claims presented here.[1]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Count III of the Plaintiff, Scott Earley's Seconded Amended Complaint (DE 24) be and the same is

---

[1] The Court directs the Plaintiffs to 28 U.S.C. § 1367(d) which tolls the limitations period on this claim for thirty days, unless state law provides for a longer tolling period, so that the claim may be refiled in state court.

3

hereby **DISMISSED**, without prejudice, as this Court declines to exercise supplemental jurisdiction over the same.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _29th_ day of May, 2001.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Carlos Cruanes, Esq.
For Plaintiff

Jodi C. Page, Esq.
For Defendants