UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6104-CIV-ZLOCH

SCOTT EARLEY,

    Plaintiff,

vs.                                                   **O R D E R**

SHERIFF OF BROWARD COUNTY,
FLORIDA, and EMSA
CORRECTIONAL CARE, INC.,
a corporation,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Plaintiff's Motion To Compel Defendant, Sheriff Of Broward County, Florida To Respond To Discovery (DE 27). The Court has carefully considered the merits of said Motion and is otherwise fully advised in the premises.

    The Court notes that on or about January 18, 2001 the Plaintiff, Scott Earley, served upon the Defendant, Sheriff of Broward County, Florida, his Request For Production Of Documents which consisted of nine separate requests for Production. The Plaintiff also propounded on or about January 18, 2001, his First Set Of Interrogatories which consisted of forty separate questions. The Defendant objected to both the Request For Production and First Set Of Interrogatories prompting the instant Motion To Compel. Specifically, the Defendant asserts that eight of the requests for Production and a various number of Interrogatories are either (1) overbroad, (2) unduly burdensome, (3) irrelevant, and (4) not

likely to lead to the discovery of admissible evidence.

The Court turns first to the Defendant's first two assertions, that the Plaintiff's discovery requests are overbroad and unduly burdensome. Based upon a careful review of the scope of said requests, the Court finds that the burden of producing the requested information does not outweigh its likely benefit. See Fed.R.Civ.P. 26(b)(2).

The Court similarly rejects the Defendant's third and fourth assertions, noting that both assertions present essentially the same relevancy argument as material is relevant for discovery purposes if it is reasonably calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P. 26(b)(1). Here, the Court rejects this argument, concluding that the materials sought by the Plaintiff are in fact reasonably likely to lead to the discovery of admissible evidence.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Motion To Compel Discovery (DE 27) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. On or before June 18, 2001, the Defendant, Sheriff of Broward County, Florida, shall serve upon counsel for the Plaintiff full and complete responses to the Plaintiff's Request For Production and the Plaintiff's First Set Of Interrogatories which were propounded on or about January 18, 2001; and

2. Upon the failure of the Defendant to comply with the provisions of this Order, the Court will entertain the appropriate Motion For Sanctions, including but not limited to, holding the Defendant in contempt of Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of May, 2001.

*(signature)*
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Carlos Cruanes, Esq.
For Plaintiff

Jodi C. Page, Esq.
For Defendant

3