JCP/acw
B83/50-358

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,

CASE NO.: 00-6104-CIV-ZLOCH

Plaintiff,

MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA, and EMSA CORRECTIONAL
CARE, INC.,

Defendants.

_____/



## DEFENDANT, EMSA CORRECTIONAL CARE, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendant, EMSA CORRECTIONAL CARE, INC.. (hereinafter referred to as "EMSA"). by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, hereby files its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, and states as follows:

1.    EMSA denies the allegations contained in paragraphs 1 and 2, and demands strict proof thereof.

2.    EMSA does not have sufficient knowledge as to the allegations in paragraphs 3, 4, and 6, and, therefore, denies said allegations and demands strict proof thereof.

3.    EMSA admits the allegations in paragraph 5.

4.    In response to the allegations in paragraph 7, EMSA admits that it was contractually obligated to provide medical care and treatment to inmates at the North Broward Detention Center on or about February 16, 1999. EMSA is without sufficient knowledge as to all other allegations contained in paragraph 7, and. therefore, denies said allegations and demands strict proof thereof.

## COUNT I - 42 USC §1983 - SHERIFF OF BROWARD COUNTY FLORIDA

5.      Paragraphs 8 through 21 are not applicable to EMSA, and, therefore, EMSA is without knowledge as to the allegations contained therein. However, in an abundance of caution, all allegations contained in paragraphs 8 through 21 of Plaintiff's Second Amended Complaint are denied, and strict proof thereof is demanded.

## COUNT II - 42 USC §1983 - EMSA CORRECTIONAL CARE, INC.

6.      In response to paragraph 22, EMSA admits that it was contractually obligated to provide medical care and treatment to the inmates at the North Broward Detention Center during the time of Plaintiff's incarceration from February 16, 1999 through February 26, 1999. EMSA denies all other allegations in paragraph 22, and demands strict proof thereof.

7.      In response to paragraph 23, EMSA admits that upon Plaintiff's incarceration at the North Broward Detention Center, the medical staff performed an initial screening examination on Plaintiff, and learned information relating to his medical condition. EMSA denies all other allegations in paragraph 7, and demand strict proof thereof.

8.      EMSA denies the allegations in paragraphs 24-29, 31, and 33-36, and demands strict proof thereof.

9.      In response to paragraph 30, EMSA admits that it has a duty to provide all inmates of the county facilities in which it has contracted to provide medical services, with needed medical care in conformance with the standards for delivery of such care in the State of Florida. EMSA denies all other allegations in paragraph 30, and demands strict proof thereof.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

10.    In response to paragraph 32, EMSA admits that is has a duty to instruct, supervise, and/or train its employees and agents to deliver needed medical care in conformance with the standards for delivery of such care in the State of Florida. EMSA denies all other allegations in paragraph 32, and demands strict proof thereof.

## COUNT III - NEGLIGENCE - EMSA CORRECTIONAL CARE, INC.

11.    Count III of Plaintiff's Second Amended Complaint was dismissed by Order of the Court on May 29, 2001, and, therefore, a response to these allegations is not required.

12.    EMSA denies each and every allegation contained in the "wherefore" clauses of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

13.    EMSA denies each and every allegation contained in Plaintiff's Second Amended Complaint, that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

14.    As a First Affirmative Defense, EMSA states that it is a state actor; Florida has not waived its immunity to constitutional torts; Congress did not abrogate Florida's sovereign immunity in passing 42 U.S. § 1983; and it is therefore protected from liability by the doctrine of sovereign immunity.

15.    As a Second Affirmative Defense, EMSA states that it is a state actor; the state has not waived its 11th Amendment immunity; Congress has not passed legislation overriding that immunity; and it is therefore immune from suits brought in Federal Court under 42 U.S. § 1983.

16.    As a Third Affirmative Defense, EMSA states that at the time of the alleged incident, it was a state actor acting within the scope of its discretionary authority, any action taken did not violate a clearly established constitutional statutory right, and it is therefore protected from liability by the doctrine of qualified immunity.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

17.    As a Fourth Affirmative Defense, EMSA states that at the time of the incident alleged in the Complaint, it was an agent of a state entity as defined by Chapter 768.28, Florida Statutes (1999), and it is therefore protected by sovereign immunity from liability for both constitutional and state law torts.

18.    As a Fifth Affirmative Defense, EMSA states that the Complaint fails to sufficiently allege federal statutory or constitutional basis to support a claim brought pursuant to 42 U.S. § 1983.

19.    As a Sixth Affirmative Defense, EMSA states that the Plaintiff has failed to comply with the good faith requirements of Chapter 766, and specifically, Florida Statute § 766.106 and Florida Rule of Civil Procedure 1.650 regarding presuit screening of claims for medical malpractice and are barred from recovering in this action.

20.    As a Seventh Affirmative Defense, EMSA states that at the time of the incident alleged in the Complaint, it was a governmental actor, and therefore cannot be held liable on a theory of respondeat superior.

21.    As an Eighth Affirmative Defense, EMSA would assert that the Plaintiff was negligent and that this negligence directly and proximately caused or contributed to the injuries and damages alleged and is either a bar to recovery or will serve to diminish Plaintiff's right to recovery.

22.    As a Ninth Affirmative Defense, EMSA would assert that the actions of third parties not under the control of EMSA were negligent and proximate intervening causal factors. As a result of those intervening factors, EMSA bears no responsibility and/or liability for any injuries or damage which the decedent might have sustained, or in the alternative, liability is to be diminished in proportion to the third parties' negligence.

4

23. As a Tenth Affirmative Defense, EMSA would assert that the Plaintiff is barred from recovering from EMSA any damages for losses sustained which have been paid by any collateral sources of indemnity available as set forth in Section 768.76, Florida Statutes (1999).

24. As an Eleventh Affirmative Defense, in the event of a judgment for the Plaintiff, EMSA is entitled to have the judgment made payable in accordance with the Alternative Methods of Payment of Damage Awards provisions of Florida Statute 768.78.

25. As a Twelfth Affirmative Defense, EMSA would assert that in the event of a judgment in favor of the Plaintiff against EMSA for "non-economic" damages pursuant to the provisions of Florida Statute 768.81, EMSA may not be held jointly liable for the entire non-economic damages, but can only be held severally liable in proportion to EMSA'S percentage of the total fault.

26. As a Thirteenth Affirmative Defense, EMSA would assert that in the event of a judgment for the Plaintiff against EMSA for "economic damages," EMSA'S percentage of responsibility must be apportioned pursuant to the provisions of Florida Statute 768.81.

27. As a Fourteenth Affirmative Defense, EMSA would state that the Plaintiff has failed to comply with all conditions precedent to the bringing of this claim, including all notice requirements necessary to maintain a law suit against a governmental agency or subdivision and has otherwise failed to comply with Florida Statute §768.28(6) and §768.28(7).

.    28. As a Fifteenth Affirmative Defense, EMSA would assert that any injury or damage sustained by Plaintiff was based, at least in part, on a preexisting, congenital, or hereditary condition which is not the responsibility of EMSA and Plaintiff is not entitled to any recovery based upon any injuries or damages sustained as a result of that condition.

29. As a Sixteenth Affirmative Defense, EMSA would assert that at the time of the

5

alleged incident, it was a state actor, acting within the scope of its discretionary authority, any action taken did not violate a clearly established constitutional or statutory right, and it is therefore protected from liability by the doctrine of qualified immunity.

30.     EMSA demands a trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by U.S. Mail to **Carlos Cruanes, Esquire,** High, Stack, Palahach & Cruanes, P.A., Attorneys for Plaintiff, 3929 Ponce de Leon Boulevard, Coral Gables, Florida, 33134 on this 5th day of June, 2001.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> *Attorneys for EMSA/BSO*
> 888 East Las Olas Boulevard, 4th Floor
> Fort Lauderdale, Florida 33301
> Phone:       (954) 761-8600
> Facsimile       (954) 463-6643

By: _____
    JODI C. PAGE
    Florida Bar No. 0174629

H:\Library\cases\D-J\FARLEY\pleading\Answer 2nd EMSA.wpd

6