UNITED STATES DISTRICT COURT
B83/50-358     SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                    CASE NO.: 00-6104-CIV-ZLOCH

Plaintiff,                       MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA,

Defendant.
_____/

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to *Rule 56 of the Federal Rules of Civil Procedure* and *Local Rule*

*7.5*, the Defendants, SHERIFF OF BROWARD COUNTY FLORIDA (hereinafter

referred to as "SHERIFF") and EMSA CORRECTIONAL CARE, INC. (hereinafter

referred to as "EMSA"), move for the entry of a final summary judgment in their

favor as to the Plaintiff's claims in this case. In support of their motion, Defendants

submit the following Memorandum of Law:

### I. PRELIMINARY STATEMENT

Plaintiff, SCOTT EARLEY, alleges in his Second Amended Complaint that

the Defendants, EMSA and the SHERIFF violated his civil rights during his ten (10)

day incarceration in the Broward County Jails by depriving him of the appropriate

AUG 1 5 2001

medical care. The Plaintiff has sued the Defendants under *42 U.S.C. §1983*, and has alleged a deprivation of his rights under the Fifth, Eighth, Ninth, and Fourteenth amendments. Because the discovery in this matter reveals that Plaintiff cannot sufficiently support the claimed constitutional violations, EMSA and the SHERIFF are entitled to entry of summary judgment in their favor as a matter of law.

## II. GENERAL FACTS

The Defendants have submitted a Concise Statement of Material Facts pursuant to *Local Rule 7.5*. However, to assist the Court, the facts are restated here in general and narrative form.

SCOTT EARLEY was rendered a paraplegic as a result of an automobile accident in which he was involved on March 15, 1998. MR. EARLEY was charged with driving under the influence of alcohol in connection with this accident, and was sentenced to, among other things, ten (10) days of incarceration in the Broward County Jail.

SCOTT EARLEY entered the Broward County Main Jail on February 16, 1999. At the time that MR. EARLEY entered the jail, he was suffering from a sacral decubitus ulcer which was approximately four to five months old. MR. EARLEY had suffered from chronic decubitus ulcers since his car accident, and had been receiving treatment for his ulcers prior to his incarceration. At the time of his

2

incarceration, MR. EARLEY was required to catheterize himself and was taking the medications, Pancrease and Baclofin.

During his incarceration, MR. EARLEY received supplies for catheterization, however, did not believe the size of the tubing was correct. and did not think he was given appropriate lubrication for the catheterization. Further, MR. EARLEY was given medication during his incarceration, however, he did not agree with the types of medication which he was given for his condition. MR. EARLEY was provided a cot to sleep on during his incarceration, however, felt that he should have been allowed to sleep on one of the empty "hospital" beds which he saw in the jail.

MR. EARLEY was incarcerated in the jail for ten days, and was released in the early morning hours of February 26, 1999. Upon his release, MR. EARLEY was directed to a telephone outside the jail so that he could call for a ride home. Due to security reasons, MR. EARLEY was required to wait outside the jail for his mother to pick him up after his release from the jail. After being released from jail, MR. EARLEY presented to Plantation General Hospital with complaints of abdominal pain and discolored urine. MR. EARLEY was seen in the emergency department at Plantation General Hospital, and received wound care related to his sacral decubitus ulcer. MR. EARLEY was released to go home after a few hours.

3

### MEMORANDUM OF LAW

#### I.    INTRODUCTION

Plaintiff's Second Amended Complaint alleges that EMSA and the SHERIFF violated EARLEY'S due process rights under the Fifth and Fourteenth amendments;[1] his Eighth Amendment right to be free from cruel and unusual punishment; and a puzzling claimed Ninth Amendment violation. The Complaint alleges violation of the stated constitutional provisions because EMSA and the SHERIFF failed to render adequate medical care, which worsened EARLEY'S condition.

#### II.    LEGAL STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact in dispute and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The motion determines whether, based on the evidence, a reasonable jury could find for the non-moving party. The summary judgment standard "mirrors the standard for a directed verdict, which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). The purpose of summary judgment is to dismiss claims that are unsupported in the record.

---

[1]

The Complaint lists the Fifth and Fourteenth Amendment claims separately. For the purposes of this Motion for Summary Judgment, the Sheriff is treating the due process claim as arising only under the Fourteenth Amendment.

4

*Celotex Corporation v. Catrett*, 477 U.S. 317, 323-24 (1986).

In this case, there are no material facts in dispute, and the Sheriff is entitled to entry of summary judgment in his favor as a matter of law on all counts of the Complaint.

## III.    ARGUMENT

### A.    Eighth Amendment

It is well established that something more than negligence or medical malpractice is required to state an Eighth Amendment violation based on deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). A plaintiff seeking Eighth Amendment relief must show "an unnecessary and wanton infliction of pain," and not" merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. *Estelle*, 429 U.S. at 105-06. In *Estelle*, the court reinstated the district court's dismissal of a prisoner's section 1983 complaint for failure to state a claim. Recognizing that the plaintiff's primary claim was that "more should have been done" to diagnose and treat a back injury, the Court explained that medical malpractice does not present a basis for a claim of cruel and unusual punishment under the Eighth Amendment. *Id.* at 107. The *Estelle* court also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id at* 105. Furthermore, "a complaint that a physician has been negligent in diagnosing or

5

treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Further, to support an Eighth Amendment claim, the claimed indifference to medical needs must be substantial. Substantial indifference is not reached by inadvertence or by differences of opinion between the prisoner and medical staff. *Estelle*, 429 U.S. at 106. It is not enough that a reasonable person in the defendant's position should have reasonably known facts from which he should have made the inference that a substantial risk of serious harm exists. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (rejecting an objective standard for deliberate indifference). Rather, the Supreme Court has adopted a more demanding subjective standard for deliberate indifference which includes a showing that the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ibid*. This subjective standard is appropriate because the Eighth Amendment "outlaws cruel and unusual punishment." *Ibid*. (emphasis added). It leaves to tort law "an official's failure to alleviate a risk that he should have perceived but did not "because under existing Eighth Amendment jurisprudence such tragedies cannot be "condemned as the infliction of punishment." *Ibid*. (emphasis added).

In *Taylor v. Adams*, 13 Fla. L. Weekly Fed. C1053, 2000 WL 1140676 (11th

Cir. 2000), the eleventh circuit recently clarified the necessary showing to allege an

Eighth Amendment violation:

> The Eighth Amendment prohibits infliction of "cruel and unusual
> punishments." Stating a claim under the clause thus requires
> satisfying two minima (from which the case law has ultimately
> derived four requirements): First, there must be, objectively
> speaking, conduct by public officials "sufficiently serious" to
> constitute a cruel or unusual deprivation-one "denying 'the minimal
> civilized measure of life's necessities." Second, there must be a
> subjective intent by the public officials involved to use the
> sufficiently serious deprivation in order to punish.

[internal citations omitted]; *see also Wilson v. Seiter*, 501 U.S. 294, 300 (1991)

(stating that "[t]he source of the intent requirement is not the predilections of this

Court, but the Eighth Amendment itself, which bans only cruel and unusual

*punishment*. If the pain inflicted is not formally meted out as *punishment* by the

statute or the sentencing judge, some mental element must be attributed to the

inflicting officer before it can qualify"). *See Ingraham v. Wright*, 430 U.S. 651, 667

(1977) (stating that "[t]he primary purpose of [the Cruel and Unusual Punishments]

clause has always been considered . . . to be directed at the method or kind of

punishment imposed for the violation of criminal statutes") (quoting *Powell v. Texas*,

392 U.S. 514, 531-32 (1968)). Here, Plaintiff received medical treatment and

supplies during his incarceration. However, he disagrees with the manner and form

in which it was provided. Therefore, due to the fact that the facts in this matter do

7

not establish that the Defendants acted with the required mental intent to deprive the Plaintiff of the required medical care, or that the Defendants deprived the Plaintiff of required medical care, the Defendants are entitled to summary judgment in their favor as a matter of law.

## B.    Due Process[2]

Three elements must be established in any substantive due process claim brought under 42 U.S.C. § 1983. First, the defendants must have acted with the requisite degree of culpability. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that negligent conduct is insufficient); *Sellers ex rel. Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994) (finding gross negligence insufficient), cert. denied, 513 U.S. 1084 (1995). Second, the defendants' conduct must be such that it would shock the conscience. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (Scalia, J., concurring). Third, it must be alleged that the defendants actions proximately caused the alleged injuries. *See Brower v. County of Inyo*, 489 U.S. 593, 599, (1989); *see also Martinez v. California*, 444 U.S. 277 (1980). Liability under the Due Process Clause may not be based on merely negligent action. *See Lewis*, 523 U.S. at 833 stating that ("liability for negligently inflicted harm is

---

2

Although the Complaint does not state the basis for the alleged Fourteenth Amendment violation, the Sheriff assumes that Earley is attempting to make a claim according to the Substantive Due Process Clause.

8

categorically beneath the threshold of constitutional due process"); *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) (stating that a substantative due process claim must be more than an ordinary tort to be actionable under § 1983); *DeShaney v. Winnebgao County Department of Social Services*, 489 U.S. 189, 202 (holding that the Due Process Clause "does not transform every tort committed by a state actor into a constitutional violation"). Substantive due process, enforced by 42 U.S.C. § 1983, does not afford a cause of action for police negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff has alleged a deprivation of his constitutional rights based upon the Defendants' alleged knowledge of his medical needs, and their failure to properly treat those needs. However, the facts in this matter cannot support a constitutional violation. Mr. Earley admits that he received medical care during his incarceration. He admits that he was given medication, however, disagrees with the type of medication he was given, and the manner in which it was administered. Mr. Earley further admits to having been given supplies in order to catheterize himself. However, Mr. Earley disagrees with the decisions of the health care providers regarding the size of the catheter tubes, the number of tubes he was provided, and the lubrication which he believed that he needed related to catheterization. Mr. Earley admits to being given a cot with a mattress to sleep on in the infirmary area of the jail, however, believes that he should have been allowed to use one of the "hospital

9

type" beds which he saw in the infirmary and which he noticed were empty during his incarceration.

Because the allegations of the Second Amended Complaint, and the facts developed in this matter, are rooted in negligence and allege, at most, reckless disregard, Earley's due process claim is subject to summary judgment. Negligence, even gross negligence, is clearly insufficient to state a due process violation according to the stated authority. At most, the facts presented in this matter may support an imperfect state tort law claim. Therefore, EMSA and the SHERIFF are entitled to entry of summary judgment in their favor as a matter of law.

## C.    **Ninth Amendment**

The Ninth Amendment states: ""[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. AMEN. IX. This amendment does not give rise to claims of constitutional violation. *See Charles v. Brown*, 495 F. Supp 862 (N.D.Ala. 1980) (holding that "unenumerated rights do not rise to constitutional magnitude by reason of this amendment, which does not specify any rights of the people but rather serves as a savings clause to keep from lowering, degrading or rejecting any rights which are not specifically mentioned." Furthermore, "this amendment does not extend to the states." *Livingston's Lessee v. Moore*, 32 U.S. 469 (1833), *Strandberg v. City of*

10

*Helena*, 791 F.2d 744 (9th Cir. 1986). Instead, the Ninth Amendment is a rule of interpretation, not a source of rights. Its purpose is to make certain that the Constitution's enumeration of rights does not preclude the existence of unenumerated rights. The Ninth Amendment clearly has no application of this case. The authoritative history of the amendment shows that it is merely a savings clause, intended to limit the <u>federal</u> government to the powers expressly granted in the Constitution. Furthermore, decisional history shows that the Ninth Amendment is a source of the "Penumbral Rights," and is most commonly associated with the right of privacy. *See Griswold v. Connecticut*, 381 U.S. 479 (1965). Because the Ninth Amendment does not apply to the states, and because the Ninth Amendment has no application supported by the allegations of the Complaint, the Sheriff is entitled to summary judgment in his favor as a matter of law.

## D.    **Respondeat Superior**

It is well-established law that a governmental entity may not be held liable for violations of 42 U.S.C. § 1983 based on a theory of respondeat superior. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Governmental entities may only be held liable when a plaintiff establishes that there are "official policies [that] cause their employees to violate another person's constitutional rights" or "widespread practice[s] that, although not authorized by

11

written law or express municipal policy, [are] 'so permanent and well settled as to
constitute a "custom or usage" with the force of law.'"    *City of St. Louis v.
Praprotnik*. 485 U.S. 112, 127 (1988) (quoting *Adikes v. S.H. Kress & Co.*, 398 U.S.
144, 167-68 (1970)).

In this case, EARLEY does not allege that the SHERIFF instituted procedures
that were violative of EARLEY'S constitutional rights or were personally aware of
any practices that did so.    Further, the SHERIFF'S alleged involvement is only on a
supervisory basis.    Because supervisory liability is insufficient to state the claim of
constitutional dimension, then the SHERIFF is entitled to summary judgment in his
official capacity as a matter of law.    *See Froehlich v. Wisconsin Dep't of Corrections*,
196 F.3d 800, 801 (7th Cir.1999).

### E.    Eleventh Amendment Immunity

Eleventh Amendment sovereign immunity protects a state from suit in federal
court without its express permission including those brought under 42 U.S.C. § 1983.
*See Alden v. Maine*. 527 U.S. 706, 754 (1999); *Will v. Michigan Dept. of State
Police*, 491 U.S. 58, 71 (1989); *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d
1052, 1054 (5th Cir. 1998).    Government employees sued in their official capacities
fit within the prohibition.    *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529
(2d Cir.1993).    When a state official is made a defendant in a lawsuit, the real,

12

substantial party in interest is the state. *See Harbert Inter.. Inc. v. James*, 157 F.3d
1271, 1286 (11th Cir. 1998).

Florida has waived its Eleventh Amendment sovereign immunity protection
only as provided in section 768.28 (9)(a). Florida Statutes (1999), which allows suit
against the State and its agencies but prohibits suit against its agents and employees.
The immunity incorporated into section 768.28(9)(a) applies here to protect the
SHERIFF, in his official capacity. from EARLEY'S action, and the SHERIFF is
therefore entitled to entry of summary judgment in his favor as a matter of law.

## V.CONCLUSION

For the foregoing reasons, EMSA and the SHERIFF are entitled to entry of
summary judgment in their favor as a matter of law.

WHEREFORE, Defendants. SHERIFF OF BROWARD COUNTY and
EMSA CORRECTIONAL CARE. INC., respectfully request that this Court enter
Final Summary Judgment in their favor as set forth above.

I HEREBY CERTIFY that a copy of the foregoing was furnished via United
States Mail, this 1○ day of August, 2001 to: CARLOS CRUANES, ESQUIRE,
HIGH. STACK, PALAHACH & CRUANES, Attorneys for Plaintiff, 2655 LeJeune

13

Road, Suite 1108, Coral Gables, Florida 33134.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
888 East Las Olas Blvd., Suite 400
Fort Lauderdale, FL 33301
(854) 761-8600

By: _____
     JODI C. PAGE
     FBN 0174629

14