UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT EARLEY,                                   CASE NO. 00-6104-CIV-ZLOCH

       Plaintiff,                              MAGISTRATE JUDGE SELTZER

v.

SHERIFF OF BROWARD COUNTY,
FLORIDA and EMSA CORRECTIONAL
CARE, INC., a corporation

       Defendants.
_____/

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

       Plaintiff, SCOTT EARLEY (hereinafter Earley), pursuant to Rule 56, Federal Rules of

Civil Procedure, and Local Rule 7.5, files his Response and Memorandum of Law in Opposition

to Defendants, SHERIFF OF BROWARD COUNTY, FLORIDA (hereinafter "Sheriff"), and

EMSA CORRECTIONAL CARE, INC. (hereinafter "EMSA"), Motion for Summary Judgment

and Memorandum of Law in Support, and states:

### I. STATEMENT OF MATERIAL FACTS AS TO WHICH THERE REMAINS A GENUINE ISSUE TO BE TRIED

       On or about February 16, 1999, Earley was, as a result of misdemeanor proceedings,

confined in the North Broward Detention Facility, located in Broward County, and operated by

the Sheriff of Broward County to serve a sentence of ten days. The Court chose this facility

1

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

because it allegedly could accommodate Earley's condition.[1]

At the time that Earley was first incarcerated, Defendant's agents at the facility were well aware of his condition.[2] The nature of Earley's condition renders him susceptible to decubitus ulcers, that can be prevented with the simplest of care; specifically, he need only be moved and turned on a periodic schedule to prevent the formation of these pressure sores.[3]

Despite Earley's repeated requests for attention and pleas for help, he was accorded almost no care at all while in custody. Defendants' did not provide Earley with his necessary medications;[4] did not allow him to catheterize as needed;[5] did not allow him to use his own tube, but gave him a catheter tube which was too large and with no lubricant;[6] did not provide him with the air mattress he requires for his decubitus ulcers;[7] did not regularly move him, did not bath him and left him lying in his own feces.[8] Earley had been suffering from a decubitus ulcer on his sacral opening, which with constant treatment and care had been greatly reduced prior to

---

[1] Plaintiff's Answers to Defendant's Interrogatories (hereinafter "Answers to Interrogatories"), number 23.

[2] Answers to Interrogatories, numbers 23, and 27.

[3] Answers to Interrogatories, numbers 23, and 27.

[4] Earley Deposition, pg. 35, lines 9-17.

[5] Earley Deposition, pg. 25.

[6] Earley Deposition, pg. 35, lines 18-25.

[7] Earley Deposition, pg. 36, lines 1-7.

[8] Earley Deposition, pg. 38, lines 6-11.

2

Scott Earley v. Sheriff of Broward County, Florida
CASE NO. 00-6104-CIV-ZLOCH

entering the detention facility.[9] Because of the lack of medical treatment, it worsened severely by the time he was released.[10] Earley's inhumane treatment at the hands of Defendants caused him to suffer a relapse in his mental adjustment to his paralysis, and to his desire to go on.[11]

During the entire time that Earley was in custody, he repeatedly complained as his condition worsened; he was simply ignored and told to shut up. Indeed, disciplinary actions were taken against Earley as a result of his pleas for medical assistance.[12]

Upon the arrival of his scheduled release date February 26, 1999, agents of the Defendant, over Earley's protestation, simply took him outside and "parked" him by the side of the road in mid-forties degree weather.[13]

## II. RESPONSE

1.   Defendants' Motion for Summary Judgment is inappropriate as discovery is still open and Plaintiff Earley has yet to complete discovery.

2.   Plaintiff's Complaint adequately alleges the violations of Earley's Constitutional rights pursuant to 42 U.S.C. § 1983, therefore rendering entry of Summary Judgment inappropriate.

---

[9] Deposition of Patricia White (the original transcript is being filed simultaneously with this Response for the Court's convenience), pg. 12, lines 22-25.

[10] Deposition of Patricia White, pg. 14, lines 8-17.

[11] Answers to Interrogatories, numbers 23, and 27.

[12] Answers to Interrogatories, numbers 23.

[13] Answers to Interrogatories, numbers 23.

3

Scott Earley v. Sheriff of Broward County, Florida, Et.Al.
Case No. 00-6104-CIV-ZLOCH

3.  The evidence in the record supports Earley's contention of Defendants deliberate indifference sufficient to raise a genuine issue of material fact as to his claim for violation of his Constitutional rights pursuant to the Eighth Amendment.

4.  The evidence in the record supports Earley's contention that the Defendants acted with the requisite intent to deprive Earley of his necessary medical attention as a form of punishment in violation of his Constitutional due process rights.

5.  The Ninth Amendment is applicable to this case.

6.  The Sheriff is the proper party in this matter, and is not subject to Eleventh Amendment sovereign immunity protection.

### III. STANDARD OF REVIEW

The standard for summary judgment is an exacting one; in deciding the motion, the Court must consider all of the evidence in the most favorable light for the non-moving party and against the moving party. Papers supporting the movant are most closely scrutinized, whereas the opponent's are "indulgently treated." *Austin v. Bell*, 938 F.Supp. 1308 (M.D.. Tenn. 1996), *aff'd in part, rev. in part,* 126 F.3d 843. Courts are vested with wide latitude in determining whether the entry of summary judgment is proper in a given case.   Although the Court has no discretion in granting the motion, the Court does have discretion in denying the motion. That is, even in a case where a party has technically discharged his burden of establishing the right to summary judgment, the Court, if it feels that the better course would still be to proceed to full trial, can deny the motion.  *E.g., Becerra v. Asher*, 921 F.Supp. 1538 (S.D. Tex. 1996), *affirmed*, 105 F.3d 1042.

4

Scott Earley v. Sheriff of Broward County, Florida, Et.Al.
Case No. 00-6104-CIV-ZLOCH

### IV. MEMORANDUM OF LAW

#### A. The Sheriff's Grounds for Entry of Summary Judgment are Inappropriate

The Sheriff, in support of its Motion for Summary Judgment attempts to have this Court enter final summary judgement on its behalf based apparently on an alleged failure by the Plaintiff to "make the requisite allegations to state an Eighth Amendment violation..."[14] It is axiomatic that Fed.R.Civ.P., Rule 8 requires only a "notice" pleading standard. It is not necessary to plead any facts. *See, e.g., Palmer v. Board of Education of Community Unit School District 201-U,* 46 F.3d 682, 688 (7th Cir.1995). Nor do the pleadings even need to identify any particular legal theory under which recovery is sought. *See, e.g., Crull v. GEM Insurance Co.*, 58 F.3d 1386 (9th Cir.1995). Under the Federal Rules, the purpose of pleading is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," not to state in detail the facts underlying a complaint. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957); *see Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir.1983). The Federal Rules establish a regime in which "simplified" pleadings provide notice of the nature of claims, allowing parties later "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues" through "the liberal opportunity for discovery and other pretrial procedures established by the Rules." *Conley,* 355 U.S. at 47-48 & n. 9, 78 S.Ct. at 102-03 & n. 9. A complaint, in other words, need not allege all that a plaintiff must

---

[14] Defendants' Motion for Summary Judgment and Memorandum of Law in Support (hereinafter "Defendants' Motion"), pg. 5, ¶2.

5

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

eventually prove. *Atchinson v. District of Columbia,* 73 F.3d 418, 421-422 (D.C.Cir.1996).

Summary Judgment may be proper when, after an adequate period for discovery, one party is unable to show a genuine issue as to a material fact. *See Vaughn v. United States Small Business Admin.,* 65 F.3d 1322, 1325 n. 1 (6th Cir.1995)(defendant's summary judgment motion cannot ordinarily be considered until the plaintiff has had the opportunity to conduct discovery). The discovery cut-off in this case in not until October of 2001. Plaintiff has conducted, but as of yet has not concluded discovery. As such, in the case at bar, summary judgment consideration is clearly inappropriate and premature, and should be denied.

However, regardless of the timing of Defendant's Motion, a cursory review of the Plaintiff's Complaint demonstrates that he has in fact properly and adequately alleged his claim for deprivation of his Constitutional rights pursuant to § 1983, and the applicable amendments.

### B. Eighth Amendment

The evidence in the record supports Earley's contention of Defendants' deliberate indifference to his serious medical needs sufficient to raise a genuine issue of material fact as to his claim for violation of his Constitutional rights pursuant to the Eighth Amendment. The legal standard at issue is relatively settled. It is a violation of a prisoner's constitutional rights to be deliberately indifferent to the prisoner's serious medical needs. *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). Deliberate indifference involves something more than negligence, but something less than a desire to intentionally harm; in effect, an official is deliberately indifferent when he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . [actually] draw[s] that inference." *Farmer v. Brennan,* 511 U.S.

6

cv-06104-WJZ    Document 61    Entered on FLSD Docket 08/28/2001    P

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994). Deliberate indifference may be shown when a doctor takes the "easier and less efficacious route in treating an inmate" or when medical care is delayed or denied. *Rogers*, 792 F.2d at 1058. In addition, medical care that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the eighth amendment." *Id.*

There is sufficient evidence in the record to indicate that Earley has met his burden. Earley properly alleged that the Defendants knew of his serious medical condition,[15] and of the minimal efforts it would take to satisfy his needs,[16] and that these needs were intentionally ignored.[17] These contentions are borne out by unrefutted evidence in the record. In his answers to interrogatories, Earley states that the sentencing judge was informed of his condition and needs,[18] that his doctor sent the Defendants a letter detailing his medical condition, and special needs and treatment,[19] that he personally informed Defendants' staff personnel of his condition and needs,[20] and that these were deliberately ignored.[21] These facts are all once again borne out in

---

[15] Second Amended Complaint, ¶7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 23, 24, 25, 26, 28, 29, 30, 31, 32.

[16] Second Amended Complaint, ¶8, 9, 23, and 24.

[17] Second Amended Complaint, ¶10, 11, 13, 14, 16, 25, 26, 28, 29, and 31.

[18] Answers to Interrogatories, number 23.

[19] Answers to Interrogatories, numbers 23, and 27.

[20] Answers to Interrogatories, numbers 23, and 31.

[21] Answers to Interrogatories, numbers 23, 30, 31, 34, 35.

7

HIGH, STACK, PALAHACH & CRUANES, ATTORNEYS AT LAW, 2655 LEJEUNE ROAD, SUITE 1108, CORAL GABLES, FLORIDA 33134

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

Earley's deposition transcript.[22]

Defendants argue that they cannot be held to have acted with deliberate indifference because evidence in the record indicates that Earley "received medical treatment and supplies during his incarceration."[23] It is unrefutted in the record, however, that Defendants' did not provide Earley with his necessary medications;[24] did not allow him to catheterize as needed;[25] did not allow him to use his own tube, but gave him a catheter tube which was too large and with no lubricant;[26] did not provide him with the air mattress he requires for his decubitus ulcers;[27] did not regularly move him, did not bath him and left him lying in his own feces.[28] As stated above, when the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, (11th Cir. 1985). If, "deliberate indifference caused an easier and less efficacious treatment" to be provided, the defendants have violated the plaintiff's Eighth Amendment rights by failing to provide adequate medical care. *Rogers,* 792 F.2d at 1058. In addition, medical care that is "so grossly incompetent, inadequate, or excessive as to shock the

---

[22] Deposition of Scott Earley.

[23] Defendants' Motion, pg. 7.

[24] Earley Deposition, pg. 35, lines 9-17.

[25] Earley Deposition, pg. 25.

[26] Earley Deposition, pg. 35, lines 18-25.

[27] Earley Deposition, pg. 36, lines 1-7.

[28] Earley Deposition, pg. 38, lines 6-11.

8

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

conscience or to be intolerable to fundamental fairness violates the eighth amendment." *Id.* As such, contrary to Defendants' contentions in their Motion, the record is replete with material facts to support Earley's claims that Defendants knew of his serious medical condition, and were deliberately indifferent to his serious medical needs, making it clear that not only is summary judgment inappropriate, but that Earley has met his evidentiary burden of establishing "deliberate indifference."

## C. Due Process

The Sheriff argues that Earley's claims for deprivation of his constitutional due process rights are insufficient because the Complaint sounds solely in negligence which does not constitute the requisite intent.[29] However, Earley has not only clearly demonstrated ample evidence to establish deliberate indifference, but also that his constitutional due process rights were violated and that he was deprived of his "liberty" interest in freedom from bodily injury, see *Ingraham v. Wright,* 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977). The facts in the record cited above show that when Earley complained to the prison officials of his needs for medical care and the lack of said care,[30] he was brought up for disciplinary proceedings, written up pursuant to the Sheriff's procedures, and deliberately placed in solitary confinement without medical treatment as punishment for his alleged transgressions.[31]

---

[29]Sheriff's Motion, pg. 5.

[30]Earley Deposition, pg. 35, lines 9-17.

[31]Earley Deposition, pg. 23-26, lines 3-15, Answers to Interrogatories, number 23.

9

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

Because context is important, whether an official's actions shock the conscience is analyzed along a "culpability spectrum." *County of Sacremento v. Lewis*, 523 U.S. 833, at 849, 118 S.Ct. 1708, 118 S.Ct. at 1718. As the Sheriff correctly states, negligence is "categorically beneath the threshold" and will never qualify as conscience shocking. *Lewis,* 523 U.S. 833. The spectrum begins above that level, and in "some circumstances conduct that is deliberately indifferent will shock the conscience." *Nicini v. Morra,* 212 F.3d 798, 810 (3d Cir.2000). But in other circumstances, a higher degree of culpability will be required. The two ends of the culpability spectrum, in terms of both law and fact, can be defined as follows: "deliberate indifference" when deliberation is "practical" and "purpose to cause harm" when instantaneous decisions and immediate judgments are required. *Leddy v. Township of Lower Merion,* 114 F.Supp.2d 372 (E.D.Pa. Sep 22, 2000). This is true, at least in part, because "[a]s the very term 'deliberate indifference' implies, the standard is sensibly employed only when actual deliberation is practical." *Lewis* at 849, 118 S.Ct. at 1718. In the case at bar, the deprivation of medical treatment was meted out as a deliberate form of punishment in unhurried conditions, which constitutes sufficient evidence of the requisite intent for a claim of due process violation, precluding the entry of summary judgment.

### D. Ninth Amendment

The ninth amendment to the Constitution provides: "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." To the extent that the Bill of Rights is applicable to the States under the Fourteenth

10

Amendment, the principles embodied in the Ninth Amendment are applicable as well.

*Massachusetts v. Upton*,

466 U.S. 727, at 738, (concurring opinion). In adopting the Ninth Amendment, the states recognized that the people possess "fundamental rights" not explicitly set forth in the Bill of Rights and that those fundamental rights are enforceable under the due process clause of the fourteenth amendment, *see, e.g., Griswold v. Connecticut,* 381 U.S. 479, 484, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965). As such, Earley is merely attempting to preserve his constitutional rights not specifically enumerated.

### E. **Respondeat Superior**

The Sheriff maintains that entry of summary judgment in his favor is appropriate because "Earley does not allege that the Sheriff instituted procedures that were violative of Earley's constitutional rights or was personally aware of any practices that did so," and that the "Sheriff's alleged involvement is only on a supervisory basis."[32] The Sheriff of Broward County, Florida is the chief correctional officer of the Broward County Correctional System. Broward County Code, § 18-01. The chief correctional officer is responsible for the operation and maintenance of the county jails. §951.061, Fla. Stat. (1997). Included in the chief correctional officer's duties is the duty to furnish prisoners with medical attention in accordance with promulgated standards. See §951.061, Fla. Stat. (1997); *See also Feldman v. Brescher,* 561 So.2d 1271 (Fla. 4th DCA 1990); *Hospital Bd. of Directors of Lee County v. Drukis,* 426 So.2d 50 (Fla. 2nd DCA 1982); 1972

---

[32]Sheriff's Motion, pg. 7.

11

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

Op.Att'y.Gen.Fla. 075-194 (July 8, 1975).

This duty is not absolved by contracting with an entity such as EMSA. EMSA contracted with the Sheriff to assume the obligation of providing medical care and treatment to the inmates. Although EMSA has contracted to perform an obligation owed by the Sheriff, the Sheriff itself remains liable for any constitutional deprivations caused by the policies or customs of EMSA. In that sense, the Sheriff's duty is non-delegable. *See generally Wilson v. Taylor*, 733 F.2d 1539, 1545 (11th Cir.1984). If, either expressly or by default, the Sheriff permitted others to decide or determine policy, it is liable for their actions if these policies prove unconstitutional. *See Wilson v. Taylor, supra.*

A government agency is liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury..." *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978). A prisoner may prove the custom or policy by showing a pattern of unconstitutional acts of low-level employees or the delegation or final policymaking authority from one official to another and the ratification of a subordinate's actions by a final policymaker. *Mandel v. Doe,* 888 F.2d 783, 791 (11th Cir. 1989). Earley has alleged, and evidence in the record supports his contention that Defendants' actions and those of their agents or employees resulted in the deprivation of his constitutional rights. Defendants' have provided no evidence to the contrary. Accordingly, the Sheriff's contention that it is entitled to summary judgment based upon its respondeat superior arguments, is incorrect, and should be rejected by this Court.

12

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

### F. Sovereign Immunity

Defendants' last contention is that the Eleventh Amendment protects the Sheriff from liability under Section 1983. This is not correct. "The Eleventh Amendment deals only with federal jurisdiction to hear suits against the state, not with the state's immunity from suit in any forum." *Bartlett v. Bowen*, 259 U.S. App. D.C. 391, 816 F.2d 695, 710 (D.C.Cir. 1987). The Eleventh Amendment, does however, bar suit in federal court against state agencies "when the action is in essence one for the recovery of money from the state." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). The Florida Constitution indicates that a sheriff is a county officer. *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir. 1987). Thus, the Sheriff of Broward County is a county official, not a state official, and as such, he is afforded no Eleventh Amendment protection. Since sheriffs in Florida act only on behalf of the counties they serve, the Eleventh Amendment does not protect Florida sheriffs from liability under Section 1983. *Hufford v. Rodgers*, 912 F.2d 1338, 1342 (11th Cir 1990).

As such, for the reasons discussed above, summary judgment on the Sheriff's behalf based upon Eleventh Amendment immunity is improper and should be denied.

### V. CONCLUSION

For the reasons discussed fully above, Defendant Sheriff is not entitled to summary judgment on any of the grounds cited, and said motion should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

13

Scott Earley v. Sheriff of Broward County, Florida
Case No. 00-6104-CIV-ZLOCH

mail to Jodi Page, Esq., Bunnel, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A.,

Attorneys for Defendant, 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, FL 33303-0340 this 27 day of August, 2001.

HIGH, STACK, PALAHACH
& CRUANES
2655 LeJeune Road, Suite 1108
Coral Gables, Florida 33134
Telephone No. (305) 443-3329
Facsimile No. (305) 443-0850

By: _____
Carlos Cruanes
Florida Bar No.0121940

14